CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY ET AL V.
J. D. BUIE.

Decided March 21, 1903.

**1.—Trial—Charge Controlling Evidence.**

The improper admission of evidence held not to present reversible error where the charge in effect excluded it from the consideration of the jury.

**2.—Carrier of Passengers on Freight Train—Negligence.**

It was not error for the court, in an action for negligent injury to plaintiff while a passenger on a freight train, to refuse a requested charge to the effect that if plaintiff stood up in the caboose without holding on to anything at the time the train was being, to his knowledge, backed against the caboose for a coupling, and that a man of ordinary prudence and care would not have done so, the jury should find for defendant, since the defendant would not be so entitled to a verdict unless such negligence on plaintiff's part was the cause in whole or in part of his injury.

**3.—Same—Contributory Negligence—Charge.**

It was not error for the charge to submit whether or not plaintiff's negligence in so standing up contributed to his injury, since, if the shock in coupling was of unexpected and extraordinary violence, plaintiff's failure to take hold of something in anticipation of the usual jolt could not properly be regarded as a concurring or contributing cause of his injury.

**4.—Same—Degree of Care—Freight Train for Passengers.**

It is the duty of a railway company in transporting passengers to use such degree of care, prudence and foresight as would be used by very cautious, prudent and competent persons under similar circumstances, and that a freight train is employed in such transportation does not change the rule.

**5.—Contributory Negligence—Burden of Proof.**

In an action for personal injury the burden of proving contributory negligence is on the party pleading it.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*N. H. Lassiter, Jas. A. Graham, J. M. Chambers,* and *Levi Walker,* for appellant.

*L. C. Barrett, J. H. Harper, Galloway & Templeton,* and *W. S. Jamison,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee was injured January 31, 1899, at Clio, Iowa, by reason of a collision between two parts of a freight train on which he was being carried as a passenger to look after certain cattle shipped from Ryan, I. T., to Chicago, Ill., over the Chicago, Rock Island & Pacific Railway. When the train reached Clio it was stopped for the purpose of taking up and carrying forward another car of live stock. The caboose in which appellee with others was riding and one other car were left standing on the main track near the end of the switch track while the additional car of stock was being brought from the railway yards to be coupled on to said car and caboose, which was done in such a rough and negligent manner and with such violence

as to throw appellee, who was standing near the stove, against the stove and door of the caboose, down upon the floor, which seriously injured him.

As compensation for the loss thus sustained he recovered a verdict and judgment for $4500, from which this appeal is prosecuted.

The issues both of negligence and contributory negligence were properly submitted to the jury, and the verdict in favor of appellee is well sustained by the evidence, both as to liability and as to amount of recovery. The question of jurisdiction raised by the first and second assignments of error was fully disposed of on the former appeal in this case. 65 S. W. Rep., 27.

While the ruling complained of in the third assignment may not have been strictly correct, the evidence as to the value of sixty-two cattle admitted under this ruling in rebuttal of what had been drawn out on cross-examination could not have done any harm, inasmuch as the charge of the court in effect excluded it from the matters to be considered by the jury in estimating the damages.

The court did not err in refusing to give appellant's second special charge on the issue of contributory negligence, as urged in the fourth assignment, because, if the fourth and fifth paragraphs of the court's charge in whole or in part of the injury, and in this respect at least the charge did not sufficiently cover the issue, though we are inclined to think they did, the special charge was not itself altogether correct, if indeed it would not have been a charge upon the weight of the evidence if it had been given in the form requested. It was as follows: "You are instructed that if you believe from the testimony that the plaintiff, J. D. Buie, knew, or by the exercise of ordinary care could have known that defendant's train was being backed down the main line to connect on the car which was connected to the caboose, or to the caboose, and that, knowing this, he voluntarily stood up in the caboose without holding to anything, and you further believe that a man of ordinary prudence and care would not have so stood up in the caboose at the time and under the circumstances and conditions the plaintiff did; and you further believe that if he had been sitting down and not standing up, that he would not have received the injuries complained of, it will be your duty to find for the defendants, though you may believe that the defendant, the Chicago, Rock Island & Pacific Railway Company, through its employes, was guilty of negligence in striking the car attached to the caboose, or the caboose, with more than usual force." It may be that a man of ordinary prudence would not have stood up in the caboose without holding to anything under the conditions named in this charge, as appellee did, but that would not have entitled the railway company to a verdict unless such negligence on the part of appellee was the cause in whole or in part of the injury, and in this respect at least the charge did not correctly state the law. True, it did require the jury to find that if appellee had been sitting down and therefore not standing up at all, he would not have been injured before they could find against him,

but they may have found that, and yet not found that his standing up in the manner he did caused the injury. It may be that a person of ordinary prudence would not have stood up in the caboose without holding to something in such a manner as to withstand an ordinary shock, and yet the collision in question may have been one of such unexpected and extraordinary violence as to injure him just as appellee was injured notwithstanding such prudence. In such case the failure of appellee to take hold of something in anticipation of the usual jolt, as a person of ordinary prudence might have done, could not properly be said to be a concurring or contributing cause of his injury.

It will thus be seen that we are not prepared to accept the proposition submitted under the seventh assignment, that while it may have been proper to submit to the jury whether or not appellee was guilty of negligence, it was error under the facts of this case to submit to them whether such negligence contributed to his injury. Besides, with reference to that assignment, we do not understand the charge complained of to be subject to the criticism that it submitted that phase of the issue as doubtful merely because it instructed the jury that if they should "find that plaintiff himself was guilty of contributory negligence, and that by his own negligence he contributed to his injury, then he can not recover," for it is one thing to instruct a jury to return a verdict in accordance with the undisputed evidence and quite another to give an instruction that would admit of a finding contrary to the undisputed evidence.

The court did not err, as complained in the sixth assignment, in charging the jury that it was the duty of the railway company to use such degree of care, prudence and foresight as would be used by very cautious, prudent and competent persons under similar circumstances, since the law, which has but one standard, exacts this degree of care of all carriers of passengers alike, whatever may be the means of transportation employed. That a freight train was employed in this instance did not therefore change the rule, but was only a circumstance to be considered by the jury in applying the law to the facts.

We approve the charge complained of in the eighth assignment, which placed the burden of proving contributory negligence where the law places it, on the party pleading it. We find nothing in this case to make it an exception to the general rule, and doubt if any exeeptions ought ever to have been made, since the effort to do so seems to have been productive of nothing but confusion and uncertainty in the trial of cases.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.