Gulf, Colorado & Santa Fe Railway Company v.
J. M. Miller.

Decided March 5, 1904.

**1.—Contributory Negligence—Walking on Track—Failure to Observe Engine.**
    Evidence that plaintiff, who went upon a railway track and walked on
it about twenty steps, did not observe an engine standing on the track near a
depot some 800 feet away, facing toward him and in the direction in which
he turned and walked, with his back to it, does not show that he was guilty
of contributory negligence in so doing, as a matter of law and over the ver-
dict of a jury to the contrary.

**2.—Discovered Peril—Issue Raised.**
    Evidence that before a slowly moving engine struck plaintiff, and in time
to.have given him warning, the fireman was standing up in the engine look-
ing south, the direction the engine was moving, raised the issue of discov-
ered peril and required a charge thereon.

**3.—Evidence—Opinion.**
    Under the rule allowing witnesses to state the appearance of things
coming under their observation it was permissible for a witness to state that
he could not say who the fireman in an engine was looking at just before the
engine struck plaintiff, "but he looked to me like he was looking at plaintiff."

**4.—Railroads—Personal Injury—Engine Operated by Another Company on
        Defendant's Track.**
    The court did not err in charging the jury to disregard the fact· that the
engine which struck plaintiff was owned and operated by a company other
than the defendant, where it was operated on defendant's track by its per-
mission and under orders from its office.

    Appeal from the District Court of Cooke. Tried below before Hon.
D. E. Barrett.

    J. W. Terry and Ballinger Mills, for appellant.

    R. H. West and Stuart & Bell, for appellee.

    STEPHENS, Associate Justice.—On the former appeal in this
case the judgment was reversed because the verdict was clearly against
the evidence on the issue of contributory negligence. 30 Texas Civ.
App., 122, 70 S. W. Rep., 25. We were then of opinion, that is, the·
majority of the court as then constituted, that appellee, according to
his own version of the accident, was inexcusably at fault in undertak-
ing to walk on a railway track in front of an engine without taking
any notice of it, although it was in plain view, until it had knocked him
off. The engine.was at or near the depot at Daugherty, I. T., heading
towards appellee, when he stepped upon and 'walked down the track
some twenty steps with his back towards the engine. The only excuse
offered for his conduct was that a train from the opposite direction
was expected about that time, and he did not look towards the depot
for a train because he was not expecting one from that direction,
although he did see that none was within thirty or forty steps of
him when he got on the track. The same excuse was offered on the
last trial for his not seeing the engine before it struck him, to which
he added the following: "This accident had an effect on my memory;

that is why I won't be positive as to how far I looked up the track. I saw no train moving in that direction when I looked up. If the train had been moving I would have noticed it, but standing still it didn't attract my attention. I certainly would have seen a moving train between where I went on the track and the depot, if there had been one." He was about 800 feet south of the depot when he stepped on the track, and looked north, towards the depot, as he passed around in front of the train on the side track. At least the evidence warranted this inference. The circumstances surrounding appellee clearly warranted him in concluding that a train from the south was then about due. The evidence also tended to prove and warranted a finding that the engine was standing still at the depot when appellee stepped on the track. Now if it be true, as he in effect testified on the last trial, that he looked sufficiently to see a moving train and failed to notice the engine because it must have been standing still at the depot, several hundred feet away, can we say that a person of ordinary prudence under the same circumstances would not have entered upon and walked a few steps down the track as he did without apprehending danger? We hardly think so. The evidence warranted the inference that he was just about to leave the track when he was struck. Reasonably believing that no train nor engine was likely to be moving between him and the depot at that time and seeing that none was in motion in that direction, we can not say that appellee was clearly negligent in assuming that he might safely walk down the track some twenty steps.

The issue of discovered peril was distinctly and affirmatively raised by the pleadings and evidence and submitted in the charge on the last trial, and we do not feel warranted in disturbing the verdict on that issue. According to the testimony of the engineer, conductor and fireman on the engine which struck appellee, the collision took place before any of them saw him, and just as he stepped upon the main track in front of the engine after crossing a side track in front of a long train standing thereon and so situated as to obstruct their view of him until he was right at the main track. Clearly their evidence did not raise the issue. But the testimony of appellee and one M. L. Miller, who seems to have been a vigorous witness for him, if accepted as true by the jury, not unreasonably, perhaps, raised the inference that at least the fireman, who was on the side of the engine next to the side track, must have seen appellee before he was struck and in time to have given him warning. M. L. Miller testified: "I saw the fireman standing up in the engine, looking south, just prior to the engine hitting plaintiff. I could not and did not see the engineer. I could not say who the fireman was looking at, but it looked to me like he was looking at Miller. At the time I saw the fireman looking south as aforesaid, as near as I can come to it, the engine was from sixty-five to ninety feet from Miller, the plaintiff." It was noonday, and if appellee walked twenty steps or more at a moderate gait along the

track in front of the engine, as his own testimony and that of M. L. Miller tended to prove, it seems that some of those operating the engine, which according to their testimony was not traveling very fast, ought to have seen him before overtaking and running over him.

It is, however, insisted that the court erred in permitting M. L. Miller to testify, "I could not say who he was, looking at, but he looked to me like he was looking at Miller," over the objection that the same was the opinion and conclusion of the witness. But we think the evidence comes within the familiar rule allowing witnesses to state the appearance of things coming under their observation.

The objection to the evidence quoted under the seventeenth assignment seems to be met by the statement in appellee's reply to this assignment.

The court did not err in charging the jury, in effect, to disregard the fact that the engine which struck appellee was owned and operated by the Atchison, Topeka & Santa Fe Railway Company, since it was operated on appellant's track by its permission and under orders from its office at Cleburne, Texas.

Nor did the court err in charging on the burden of proof as to the issue of contributory negligence, since the charge is analogous to one approved by the Supreme Court in Gulf C. & S. F. Ry. Co. v. Howard, 96 Texas, 582, 75 S. W. Rep., 805. See, also, Railway Co. v. Buie, 32 Texas Civ. App., —, 73 S. W. Rep., 853. No other objections to the charge seem to require notice.

The evidence clearly warranted a finding that those operating the engine which so seriously injured appellee were guilty of negligence in not warning him of its approach, and did not clearly require a finding that he was guilty of contributory negligence. Probably, also, it warranted a finding that the men on the engine discovered appellee's peril in time to have warned him and that they neglected to do so. We have been slow to reach this and the next preceding conclusion, but have finally determined that we would probably invade the province of the jury were we to set this verdict aside.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error granted; judgment affirmed.