### FORT WORTH & DENVER CITY RY. CO. ET AL. v. J. B. SMITH.

Decided April 15, 1905.

**1.—Railroads—Injury to Employe—Negligence.**

While an engine wiper was engaged in cleaning an engine standing on a switch track he was injured by reason of a string of cars standing near being backed suddenly against the engine by a switching crew in making a coupling at the other end of the string. No person was sent forward, as was the custom, to give notice of the movement of the cars, although the switching crew knew or should have known of the engine being there. Held, that negligence was sufficiently shown to authorize a recovery for the injury.

**2.—Same—Assumed Risk.**

Because the engine wiper knew that a switch engine was liable at any time to make a coupling from the other end of the nearby string of cars, he did not assume the risk resulting from its being negligently made.

**3.—Same—Negligence of Lessee.**

A railway company is bound to furnish its employe a safe place to work, and it is liable for injury to him resulting from the negligence of another company to which it has given the right to use its yards and track.

**4.—Same—Ringing Bell—Sufficiency of Warning—Fact Question.**

It was for the jury to determine whether, because of the noise made there by a mill and cooperage shop, other warning than the ringing of the bell at the time of making the coupling should have been given by the switching crew in the exercise of proper care.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*Spoonts & Thompson* and *J. H. Barwise, Jr.,* for appellant, Ft. Worth & D. C. Ry. Co.—1. Where the testimony shows conclusively and beyond controversy, as it does in this record, that the injury to appellee

occurred from a defect or danger that was open, patent, and actually visible and known to him; where the proof shows conclusively that appellee actually knew of the alleged defect or dangerous situation, and fully appreciated and understood the attendant danger of performing the work; and where, as here, he had equal knowledge with the master, and occupied the same vantage ground as the master, in the matter of discovering the defect or existing dangerous situation; then, as a matter of law, he assumed the risk of injury arising therefrom. Rogers v. Galveston City Ry. Co., 76 Texas, 505; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 625; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W. Rep., 880; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 441; Brown v. Miller, 62 S. W. Rep., 548, 549; Parks v. St. L. S. W. Ry. Co., 5 Texas Ct. Rep., 385; Railway Co. v. French, 86 Texas, 96; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 627.

*Eldridge & Midkiff,* for appellant, M. K. & T. Ry. Co.—The plaintiff knew the danger of passing between the said box car and engine at the time he was hurt as evidenced by the fact that he states that he looked to see whether there was a switch engine attached to the cars, before he attempted to pass between said engine and car, and plaintiff had equal means of knowing same with defendant, if there was danger of so passing between said engine and car and the danger being patent and obvious, plaintiff assumed the risk of being injured, when he attempted to so pass between said engine and cars, and is not entitled to recover. Gulf, C. & S. F. Ry. Co. v. Schwabbe, 21 S. W. Rep., 707; Texas & P. Ry. Co. v. Bradford, 2 S. W. Rep., 598; Bonnett v. Galveston, H. & S. A. Ry. Co., 33 S. W. Rep., 335.

*Montgomery & Hughes,* for appellee.—1. The servant does not assume the risk of injuries due to danger arising from the negligence of the master unless he knows of the danger. White v. Railway Co., 56 S. W. Rep., 204; Missouri, K. & T. Ry. Co. v. Milam, 50 S. W. Rep., 417; Missouri, K. & T. Ry. Co. v. Felts, 50 S. W. Rep., 1031; San Antonio Paper Co. v. Noll, 11 Texas Ct. Rep., 668; Missouri, K. & T. Ry. Co. v. Homing, 42 S. W. Rep., 508; Texas & P. Ry. Co. v. Eberheart, 43 S. W. Rep., 510; Barnett v. Railway Co., 33 S. W. Rep., 332; Railway Co. v. Bingle, 42 S. W. Rep., 971; Texas & P. Ry. Co. v. Bryant, 27 S. W. Rep., 825.

2. The servant has the right to assume that the master has made proper regulation for his safety. Bonnett v. Railway Co., 33 S. W., 334; Missouri, K. & T. Ry. Co. v. Homing, 43 S. W., 508; Texas & P. Ry. Co. v. Eberhart, 43 S. W., 510; Railway Co. v. Burgle, 43 S. W., 971; Texas & P. Ry. Co. v. Homing, 43 S. W., 511; Railway Co. v. Lehenberg, 75 Texas, 67.

3. The burden is on the defendant to show that it had established suitable rules, or that the plaintiff knew of his failure to discharge his duty. Hightower v. Gray, 11 Texas Ct. Rep., 393; Harris v. Railway Co., 67 S. W. Rep., 315; Railway Co. v. Harris, 43 S. W. Rep., 877, 879.

CONNER, CHIEF JUSTICE.—The appellee, J. B. Smith, instituted this suit in the District Court of Wichita County on April 25, 1904, against the appellants, the Fort Worth & Denver City Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, for damages resulting from personal injuries. The trial on April 1, 1904, resulted in a verdict and judgment in appellee's favor against both of the appellants in the sum of $1,000.

The principal assignments of error call in question the sufficiency of the evidence to support the verdict, or even to have authorized the submission of any issue of fact to the jury.

We find the facts to be substantially as follows: "Appellee, some three days prior to his injury, had been employed by the appellant, the Missouri, Kansas & Texas Railway Company of Texas as engine wiper and cleaner in the yards of that company at Wichita Falls, Texas. There was a switch track extending in the general direction of north and south, west of the main line; this track was owned by and was within the yards of the Missouri, Kansas & Texas Railway Company of Texas. Upon the incoming of a local freight train of this company the custom was to transfer the engine from the main line to said switch line where it remained until again used, and upon which it was wiped or cleaned by appellee, the company having no other place at this point where this labor could be done. This switch track was also used by both appellants for the transfer of cars to and from the main lines of railway, the transferring and switching being done under an agreement of the two companies by the switch crew of appellant the Fort Worth & Denver City Railway Company. On the day of appellee's injury there were nine freight cars standing upon this switch track. The engine of the local freight of appellant the Missouri, Kansas & Texas Railway Company, came in and was transferred to the switch track and stopped at the customary place, its entrance being from the north end of the switch track. Upon this occasion, however, it stopped within a very short distance from the north end of the string of freight cars before mentioned, there being but a very few inches between the pilot of the engine and the draw bar of the freight car. Appellee in the discharge of his duty wiped and cleaned one side of the engine and then attempted to pass between the car and engine for the purpose of wiping the other side; while in the act of doing so the switch crew of the appellant the Fort Worth & Denver City Railway Company, for the purpose of transferring some of the cars from the switch track, entered thereon from the south and made a coupling on the south end of the string of cars. This coupling does not appear to have been other than the usual one, but it was with sufficient force to suddenly project the car next to the engine against its pilot, at which precise juncture appellee, in making the attempted pass between the car and the engine, as stated, had his right foot so situated as to be caught between the pilot and draw-head of the car. On the side of the engine and string of cars that appellee was attempting to gain there was a mill and cooperage shop, which at the time was making considerable noise. Appellee knew that switching on this track was liable to be done at any time, and, before attempting to pass between the car and engine, he looked along the side

of the string of cars to see if he could discover evidences of an engine, or of any impending switching; he saw nothing of the kind, nor did he hear the ringing of any bell. The evidence warrants a finding that no bell was rung, although the evidence tended to raise this issue. The evidence also shows that on no former occasion, within the knowledge of any of the witnesses, had the engine been left so close to cars situated upon said track, the proof showing that, ordinarily, the engine was stopped within a distance of not less than ten or twelve feet of cars that might be so situated. The train of cars on the track on this day, however, was longer than usual, and the track was so situated as that, from appellee's position at the side of the engine, and at the time he started to cross between the car and the engine, he could not see the lower or southern end of the string of cars, and the switch engine which was in the act of making the coupling. The switch crew failed to send forward any person or lookout to warn appellee of danger, and no rule of either appellant was shown that required appellee to put out flags or give other evidence of his work upon the engine so as to apprise switch crews of the fact of his work about it. The engineer and fireman of the switch engine testified that they did not notice the presence of the engine upon which appellee was at work prior to the coupling in question. We think, however, the evidence warrants a finding that they would have known of this fact had the care of a person of ordinary prudence been exercised.

We conclude that these facts not only authorized the submission of the issues given in charge to the jury, but also are sufficient to support the verdict and judgment in appellee's favor against both appellants. The evidence authorized the inference that the switch crew were negligent, as alleged, in failing to send forward some person to see and warn any one on or about the engine of the approaching act of coupling. The evidence shows that this was customary; that the crew knew, or ought to have known, of the position of the engine, and knew, or ought to have known, that, because of the noise of the mill and cooperage shop, the mere sounding of the bell would be insufficient. It is true, as appellants insist, that appellee assumed the risks of the usual dangers of his employment, and of such dangers and risks as were obvious, and the jury were so instructed; but he did not assume risks caused by negligence. He knew the position of the cars, and of the engine, and that a switch engine was liable to make a coupling at any time, but the jury found that he was not guilty of contributory negligence, and the evidence authorized the conclusion that he did not know that such coupling would be negligently made without warning. If so, he was without the necessary element of a knowledge of the impending danger arising from a negligent coupling, and hence did not assume the risk. These conclusions of law are so well known that we forbear the citation of authority. If, as we have found, the appellant, the Fort Worth & Denver City Railway Company, was liable because of the negligence of the switch crew, it follows that the other appellant, whose tracks and yards it was using, is also liable therefor. It was the duty of the appellant the Missouri, Kansas & Texas Railway Company to furnish appellee a safe place to work, and it can not escape from the consequences of negligence on the

part of one to whom it has given the right to use its yards and tracks. (See Railway Co. v. Delaney, 22 Texas Civ. App., 427; Railway v. Miller, 79 S. W. Rep., 1109; Ray v. Pecos & Northern Texas Railway Company, 80 S. W. Rep., 112, and authorities therein cited on this point.) Besides, appellee alleged, and there was evidence tending to show, that appellee was an inexperienced workman; that the appellant the Missouri, Kansas & Texas Railway Company was negligent in failing to adopt and use rules by means of which appellee would have been warned in time, and that appellee was without knowledge or notice of the fact that no such rules were in use. (Texas & Pacific Railway Co. v. Eberhart, 91 Texas, 321, 43 S. W. Rep., 510.)

The foregoing conclusions dispose of the main contentions in this case. The court properly refused to give special charge number 4 requested by the appellant the Fort Worth & Denver City Railway Company, because it sought a finding of the jury on a question of law, and it excluded the issue of whether other warning than the ringing of the bell, at the time of making the coupling, was required in the exercise of proper care. It was the function of the jury to determine from the evidence whether the bell was in fact then rung, and, if so, whether appellee heard, or, in the exercise of ordinary care for his own safety, would have heard, the warning, but whether it was legally sufficient is a question of law. The jury might have found, as required by the charge, that the ringing of the bell was such warning as would have been given by a person of ordinary prudence, and that it was sufficient to apprise appellant of the approach of the engine, and yet have believed that a person of ordinary prudence would, under the circumstances, have given a further or more specific warning of the danger and of its imminence.

We conclude that the court fairly, and without prejudicial error, submitted the issues made by the pleadings; that the evidence supports the finding of the jury to the effect that appellee's injuries were proximately caused by the negligence alleged, for which both appellants are liable; that he thereby suffered damage in the amount of the verdict, and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.