(55 South. 732.)

No. 18,507.

TAYLOR v. LOUISIANA & N. W. R. CO.
et al.

(June 17, 1911.  Rehearing Denied June 29,
1911.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS (§ 259*)—OPERATION—COMPA-
NIES LIABLE FOR INJURIES.

Where a railroad company leased a portion
of its track to a lumber company, which sub-
leased to a logging company, a workman in-
jured by collision of a hand car on which he
was riding with a train operated by the log-
ging company carrying logs for the lumber com-
pany, for which injuries the lessees are liable,
is also entitled to recover from the lessor.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 802–816; Dec. Dig. § 259.*]

2. DAMAGES (§ 132*)—INADEQUATE DAMAGES—
PERSONAL INJURIES.

Where an uneducated colored laborer, 39
years old, with a life expectancy of 32 years,
dependent on his labor for earning a living, and
having a wife and six children dependent on
him for support, had one of his legs crushed,
so that it had to be amputated at the knee, and
before the wound of the amputation healed three
abscesses developed, from which he suffered for
more than three months, an award of $2,000
should be increased to $5,000.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 178, 372–385; Dec. Dig. § 132.*]

3. RAILROADS (§ 266*)—OPERATION—COMPA-
NIES LIABLE FOR INJURIES.

In an action against a railroad company
and its lessees for injuries caused by operation
of a train by one of the lessees, the judgment
should be, not only against the railroad com-
pany, but against the railroad company and its
lessees in solido.

[Ed. Note.—For other cases, see Railroads,
Dec. Dig. § 266.*]

4. APPEAL AND ERROR (§ 359*)—DISMISSAL—
GROUNDS.

Where all the parties to a suit applied for
appeals and their appeals were granted simul-
taneously, the fact that plaintiff perfected his
appeal by giving bond last was not ground for
dismissal of his appeal, on the theory that the
appeals of the defendants having been perfect-
ed the lower court was divested of jurisdiction
to grant an appeal to plaintiff.

[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. § 359.*]

Appeal from Eleventh Judicial District
Court, Parish of Natchitoches; S. J. Henry,
Judge.

Action by William Taylor against the
Louisiana & Northwest Railroad Company
and others. From a judgment for plaintiff
against the railroad company, all parties ap-
peal. Judgment set aside, and judgment or-
dered against all the defendants in favor of
plaintiff and against the demand of the rail-
road company against its codefendants.

Breazeale & Breazeale, for appellant Tay-
lor. John A. Richardson, for appellant Lou-
isiana & N. W. R. Co. and others. Alexan-
der & Wilkinson and Scarborough & Carver,
for appellants Frost-Johnson Lumber Co.
and Prestige-Buchannan Logging Co.

PROVOSTY, J. This is a suit in damages
for personal injury. The facts in connec-
tion with the liability of the defendants
have already been stated in the case of R. T.
Ingram against the same defendants (No.
18,349, 55 South. 580,[1] of the docket of this
court), and need not be stated again. Plain-
tiff was one of the occupants, with Ingram,
of the hand car, from the running down of
which by a train the injuries complained of
resulted. But additional facts must be stat-
ed in connection with the quantum of dam-
ages; also in connection with the question of
whether only the railroad company is liable,
as the court a quo has found, or also the
other two defendants, namely, the Frost-
Johnson Lumber Company and the Prestige-
Buchannan Logging Company; and, in eith-
er event, whether the railroad company is,
or not, entitled to judgment over against the
lumber company for any amount it may be
condemned to pay to the plaintiff.

Plaintiff is a colored laborer, 39 years old.
His life expectancy is 32 years. He is un-
educated; dependent upon his labor for earn-
ing a living. He has a wife and six chil-
dren dependent upon him for support. One
of his legs was crushed and had to be am-
putated at the knee joint. Before the wound

_____
[1] 128 La. 934.

of the amputation healed, three abscesses developed, from which he suffered for more than three months.

[1] The defendant railroad company leased three miles of its road to the defendant lumber company, and the latter company subleased to the logging company. The train was being operated by the logging company, for carrying the logs of the lumber company. But the two companies are admitted to be practically one and the same, the logging company being a mere subsidiary of the other, and may be dealt with accordingly. The lease contract between the railway company and the lumber company contains the following clause:

"The lumber company is to be responsible for all damages of whatsoever kind or character which may result from the operation of said locomotives and trains, motor and hand cars, while on the tracks of the railroad company, including injuries to employés of both lumber company and railroad company or to other persons, damages by fire, for stock injured or killed, or for any accident, wreck or collision."

Under this clause, the railroad company contends that the lumber company is answerable over to the railway company for whatever judgment may be rendered in this case against the railway company. There was an allegation and prayer to that effect in the railroad company's answer, but there was no regular call in warranty or prayer for citation, and no issue was ever joined on that demand.

That the lessor railroad company is also liable in case its lessees are found to have been responsible for the injury and to be liable is not seriously contested, and is clear under the doctrine of the Muntz Case, 111 La. 423, 35 South. 624, 64 L. R. A. 222, 100 Am. St. Rep. 495.

The judgment of this court in the Ingram Case is conclusive on the question of liability to plaintiff.

[2, 3] The learned judge of the lower court, by whom the case was tried without a jury, gave plaintiff judgment for only $2,000, and only against the railroad company. We think that the judgment should be increased to $5,000, and should be against the three defendants in solido.

[4] A motion was made to dismiss the appeal; but, as we understand, has been abandoned. If not abandoned, it is without merit. All the parties to the suit applied for appeals, and the four appeals were granted simultaneously. The plaintiff gave bond, or, in other words, perfected his appeal, last. The motion to dismiss was predicated on the proposition that at the time plaintiff's appeal was thus perfected the case had already passed to the upper court as a result of the appeal of the defendants having been perfected, and the lower court was, as a consequence, divested of all jurisdiction to grant an appeal in the case or to act in it, even to the extent of perfecting an appeal already granted. The proposition is utterly untenable, and, as we understand, has been abandoned.

For convenience of statement, we set aside in toto the judgment appealed from.

It is therefore ordered, adjudged, and decreed that the plaintiff, William Taylor, have judgment against the defendants, Louisiana & Northwest Railroad Company, and Frost-Johnson Lumber Company, and the Prestige-Buchannan Logging Company in solido in the sum of $5,000, with 5 per cent. interest on $2,500 thereof from September 8, 1910 (date of the judgment of the lower court), and like interest on the remainder thereof from this date. And it is further ordered, adjudged, and decreed that the demand of the Louisiana & Northwest Railroad Company against the Frost-Johnson Lumber Company be rejected as in case of nonsuit.