### Texas & Pacific Railway Co. v. Charlotte Eberheart et al.

#### No. 583.—Decided December 13, 1897.

**1. Error—Assignment—Proposition—Abandonment.**

Upon an assignment of error in giving a charge as to the master's liability for negligence of a vice-principal, a brief submitting thereunder only the proposition that such charge was not warranted by any evidence of such person's negligence did not raise a question as to the existence of evidence that such person had the power to employ and discharge the one injured, essential to constitute him a vice-principal,— and such brief was an abandonment of the latter objection to the charge. (Pp. 322, 323.)

**2. Charge—Omission—Request for Instructions.**

An instruction to find for defendant upon a certain state of facts was not error of which he could complain unless the omission to present his right to a verdict upon other facts was sought to be supplied by requesting instructions thereon. (P. 323.)

**3. Master and Servant—Assumption of Risk.**

An employe entering a service does not assume all risks pertaining thereto, but only the ordinary ones. (P. 324.)

Vol. LXXXXI. Supreme—21

**4. Same—Known Rules or Customs.**

A charge is erroneous which relieves the employer from liability if the servant knew the customs or rules in accordance with which the work was performed, without regard to whether defendant was guilty of negligence independent of such rules or customs. (P. 324.)

**5. Same—Rules—Knowledge of Servant.**

The servant is not under the duty to exercise care to ascertain if his employer has established proper rules, but has a right to assume that he has done so. An instruction holding him to an assumption of the risk arising from the business as done in accordance with rules which he might have known by the exercise of ordinary care, is erroneous. (P. 324.)

**6. Same—Case Limited.**

Railway v. Hall, 78 Texas, 660, limited. (P. 324.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Mrs. Eberhart sued the railway company for damages from the death of her husband, an employee, and obtained judgment, from which defendant appealed and upon affirmance obtained writ of error.

*T. J. Freeman* and *Stanley, Spoonts & Thompson*, for plaintiff in error.

*Ball, Wynne & McCart*, for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—This suit was brought by Charlotte Thedens, now Eberhart, to recover damages for the death of her husband Martin Thedens, who was killed while in the service· of defendant, repairing a car on the repair track on the 24th day of February, 1888. She charges that defendant was guilty of negligence contributing to the death of Thedens in the following particulars: (1) in running a car onto the repair track and allowing same to collide with the one on which Thedens was working, without giving him notice thereof, and (2) in not adopting proper rules calculated to secure the giving of notice to the car repairers of the entry of cars on the repair tracks.

Error is assigned upon the giving by the trial court of the following charge: "Or if you find from the evidence that, according to and under the method of doing business in connection with the repair track and the entering and moving of cars thereon, it was the duty of one Blythe to give notice of the approach of cars on the repair track; and that said Blythe was the foreman of the car repairing department and was in control of the car repairers, and that said Blythe was negligent in not giving notice to Martin Thedens at the time in question, and do not find that said Thedens was guilty of negligence causing or contributing to cause his death, then you will find for the plaintiff." The undisputed evidence shows that Blythe was foreman of the car repairing department in which Thedens was working. In order to justify this charge under the doctrine laid down in Missouri Pacific Railway Com-

pany v. Williams, 75 Texas, 4, there should be evidence: (1) tending to prove that Blythe was guilty of negligence in not giving notice, and (2) showing conclusively that he had authority to employ and discharge, since the charge assumes that he was a vice-principal. In appellant's brief under this assignment the following is the only proposition made: "There was no evidence tending to show that Blythe was negligent in failing to give any notice to Thedens at the time of the accident, and the charge submitted an issue not made by the evidence." The Court of Civil Appeals, as we think, correctly, held that there was evidence of such negligence, but did not advert to the question as to whether there was evidence showing that Blythe had power to employ and discharge. They evidently considered that, since the only proposition presented under the assignment did not question the existence of evidence showing such power, all objection to the charge on that ground that might be involved in the assignment was waived, and that therefore they were not called upon to examine the record for such evidence. In this we think they were correct. The court having gone to the record and found evidence justifying the charge upon the point presented by the proposition, was not called upon to look for evidence supporting it upon the other point, upon which it was not attacked. As to that the assignment must be held to have been abandoned. Rule 29, etc., for Courts of Civil Appeals. We therefore find no error in overruling same.

The giving of the following charge is assigned as error: "If you believe from the evidence that said Martin Thedens knew what rules and regulations, if any, or what method or custom of giving notice, if any, were in force or relied upon with reference to the entry and moving of cars on said repair track, and that he was guilty of negligence in remaining at work in said car repairing service, then you will find for defendant." This was a charge instructing the jury to find for defendant upon a certain state of facts. If there was any other group of facts which would have authorized a finding for defendant, it should have asked a charge presenting such issue. The defendant could not have been prejudiced by the charge as far as it went. If there was any other portion of the charge which was prejudicial to defendant it should have been assigned as error. We are therefore of opinion that the Court of Civil Appeals correctly overruled this assignment.

It is urged that the court erred in refusing to give the following charge asked by defendant: "The Texas & Pacific Railway Company, defendant, requests the court to instruct the jury as follows: The jury are instructed that the deceased, Martin Thedens, in accepting service as a car repairer, took the position subject to all risks pertaining to such service, and if he knew of the custom or manner in which entry was made upon the repair tracks where he was liable to be at work, then in such event he is held to have assumed all risks incident to the manner of making entry on said track, and plaintiff in this case would not be entitled to recover by reason of the manner in which the entry was

made." This charge is not a correct statement of the law in that, (1) Thedens cannot be held to have assumed more than the ordinary risks pertaining to the service, and (2) it would have prevented a recovery if the facts stated therein were found to be true, though the jury might have believed that defendant was guilty of negligence in running the car onto the repair track without reference to the question as to whether it had made proper rules. Being of opinion that for these reasons the charge was correctly refused, as we do not deem it necessary to determine the validity of other objections made thereto by appellee.

It is urged that the court erred in refusing to give the following charge requested by defendant: "Though the jury should find that those operating the Railway had failed to perform the duty defined with reference to the establishment of rules, etc., and that as a consequence the employes engaged as deceased were left unprotected and exposed to danger, still, if it should also appear that Martin Thedens knew this or by the exercise of ordinary care could have known of it and still continued in the employ, he could not recover." This charge is incorrect in two respects: (1) it imposed upon Thedens the duty of exercising care to ascertain whether the defendant had established proper rules, whereas, under the law, he had the right to assume that it had done so. Railway v. Lehmberg, 75 Texas, 67; Bonnet v. Railway, 89 Texas 76; and (2) it is subject to the second objection above stated to the next preceding charge. This charge is taken from the case of International & Great Northern Railway Co. v. Hall, 78 Texas, 660. We do not understand that it was the intention of the court to express an opinion as to the correctness of that part of the charge which stated that plaintiff could not recover if he "by the use of ordinary care might have known" of the failure of defendant to provide rules. No objection was there made by the plaintiff to that portion of the charge as is here made and therefore the question was not before the court. The language of the opinion shows that the approval related to that portion of the charge there quoted which undertook to inform the jury of defendant's duty. There was no error in overruling this assignment.

Having disposed of all the assignments upon which we granted the writ of error adversely to plaintiff in error, and being of opinion that the other numerous assignments made here are not well taken, it is ordered that they be overruled and the judgment affirmed.

*Affirmed.*