Anna G. Bruce et al. v. Koch, Dreyfus & Co.

No. 956. Decided November 26, 1900.

**1. Fraud—Sale by Insolvent Debtor—Purchaser's Knowledge.**

See charge on the issue of fraud in a transfer of goods of an insolvent debtor to his creditor held erroneous because it made the transfer void if done by the debtor to defeat another creditor, with knowledge of such intent by the party to whom the goods were transferred, though the purpose of the latter was only to secure his own claim. The rule announced in Hass v. Kraus, 86 Texas, 689, approved. (P. 195.)

**2. Charge—Error—Contradictory Instructions.**

A definite statement of an erroneous proposition of law is not rendered harmless by a correct statement of the law on the subject in another part of the charge. (Pp. 195, 196.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Anna G. Bruce and her husband sued Koch, Dreyfus & Co. and another, and judgment was for defendant. Plaintiffs appealed, and on affirmance obtained writ of error.

*Harry W. Kuteman,* for plaintiffs in error.—Under the laws of this State a bona fide creditor has a right to accept goods and merchandise from a failing or insolvent debtor reasonably sufficient to extinguish the debt. Smith v. Whitfield, 67 Texas, 125, and the many other cases that make this an elementary principle of Texas law.

When an insolvent debtor transfers goods to a creditor in payment of a bona fide debt due from a debtor to said creditor, and the goods so transferred are not more than reasonably sufficient to pay said debt, the intent, motive, and purpose of the said debtor in making said transfer will not affect the validity of the transfer. Drug Co. v. Baker, 50 S. W. Rep., 158; Haas v. Kraus, 27 S. W. Rep., 257; Sanger Bros. v. Colbert, 84 Texas, 672; Owens v. Clark, 78 Texas, 550; Lewy v. Fischl, 65 Texas, 320; Ellis v. Valentine, 65 Texas, 548; Smith v. Whitfield, 67 Texas, 125; Greenleve v. Blum, 59 Texas, 126; Iglehart v. Willis & Bro., 58 Texas, 306; Allen v. Carpenter, 66 Texas, 140; Cox v. Miller, 54 Texas, 16

When an insolvent transfers property to a creditor in payment of a bona fide debt, the purpose and intent of the seller is immaterial, provided the effect of such transfer was not to otherwise hinder and delay other creditors. The validity of the transfer will not be affected by a fraudulent purpose on the part of the debtor unless there was an actual and legal fraud, hindrance, or delay caused by the transaction, to the other creditors, beyond the mere payment of a bona fide debt. Ellis v. Valentine, 65 Texas, 547.

*Alexander & Fain, J. M. Richards, Howard Martin,* and *A. H. Culwell,* for defendants in error.—The first part of the twelfth paragraph instructed the jury that, "If the only purpose of Mrs. Bruce in taking such jewelry was to collect her debt, she would be entitled to recover the value of the property so levied on, even though you may believe that the purpose of H. M. Bruce in transferring the property was to cheat or defraud his other creditors." Koch v. Bruce, 49 S. W. Rep., 1101; Frost v. Mason, 44 S. W. Rep., 53; Refining Co. v. Harrison, 29 S. W. Rep., 502; Tucker v. Hamlin, 60 Texas, 176; Humphries v. Freeman, 22 Texas, 45; Haas v. Kraus, 27 S. W. Rep., 256; Mixon v. Symonds, 21 S. W. Rep., 772; Cox v. Miller, 54 Texas, 27.

BROWN, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Parker County by Anna G. Bruce and her husband against one Collier, constable, and Koch, Dreyfus & Co., to recover the

value of goods seized by the constable at the instance of Koch, Dreyfus & Co. as the property of Henry M. Bruce, the son of Anna G. Bruce.

We copy the following findings of fact made by the Court of Civil Appeals:

"In this case the evidence was sufficient to establish an indebtedness on the part of H. M. Bruce to his mother, the plaintiff, in a sum greater than the value of the goods transferred, but on the other hand there were suspicious circumstances attending the transactions, both of the loan of the money and of the transfer of the goods and the retention and use thereof and of the proceeds thereof by the son, which would have warranted the jury in finding that the claim was not all a bona fide debt, but that a considerable portion thereof was simulated and fictitious, and they were warranted in disbelieving some of the evidence. It was also sufficient to establish that the transfer was made by the son in good faith for the purpose only of paying his mother what he owed her, or as much of it as the goods would pay. But there were facts and circumstances attending and following the transfer which warranted the jury in finding that the son made the transfer to his mother with the intent and purpose of hiding the goods from his creditors under her name, and selling them out and keeping the proceeds thereof for himself. And there were facts and circumstances in evidence sufficient to warrant the jury in concluding that she knew that such was the intent and purpose of her son, but the evidence was also amply sufficient to establish that she had no such knowledge, but accepted the goods solely for the purpose of saving her debt. The evidence is conclusive that the son owed largely more than he was able to pay—was totally insolvent—and that the mother knew it. The defendants had duly seized the property and goods in question under legal process, and appropriated them to the payment of their judgments against the son, their proceedings being regular in every respect."

Upon the trial, the district judge gave the jury the following charge: "An insolvent debtor has the right to transfer his property to one of his creditors in payment of the debt due such creditor, even though the effect of such transfer is to hinder or delay other creditors; provided the creditor receiving said property act in good faith and take the property for the sole purpose of collecting his debt; and the fact that such transfer may have the effect to prevent other creditors from collecting their debts will make no difference. * * *

"If H. M. Bruce was justly indebted to Anna G. Bruce, and if the stock of jewelry was transferred to her in payment of such debt, and if the goods transferred were not of greater value than the amount of the debt, and if the only purpose of Mrs. Bruce in taking such jewelry was to collect her debt, she would be entitled to recover the value of the property so levied on even though you may believe that the purpose of H. M. Bruce in transferring the property was to cheat or defraud his other creditors. In this connection, you are further charged that if you find and believe from the evidence in this cause that Henry M. Bruce

was insolvent and sold the property in controversy to the plaintiff, Anna G. Bruce, in payment of a bona fide debt owing by the said H. M. Bruce to Anna G. Bruce, and if you believe it was the purpose of the said H. M. Bruce to hinder, delay, or defraud his creditors, and if you believe that the plaintiff, Anna G. Bruce, had knowledge of such purpose on the part of the said H. M. Bruce or had knowledge of such facts or circumstances as would have put a reasonably prudent person on inquiry, and that by such inquiry she would have learned the purpose of said H. M. Bruce, or if she participated in such fraudulent purpose, then in that event you are instructed that such transfer would be fraudulent and void as to the creditors of the said H. M. Bruce, and the plaintiff in such event could not recover."

The jury found a verdict against Mrs. Bruce and judgment was rendered accordingly, which judgment was affirmed by the Court of Civil Appeals.

Under the last clause of the twelfth charge copied above, if the jury believed that H. M. Bruce was insolvent and that he made the sale to his mother with the intent on his part to hinder or delay his other creditors and that she knew of that intent, they could not have found a verdict for Mrs. Bruce, although they might have believed that her debt was genuine and that she received no more property than was sufficient, at a fair valuation, to satisfy her debt, and had no purpose in taking the property except to secure her own debt.

The charge is directly contrary to the rule laid down in the case of Haas v. Kraus, 86 Texas, 689, which so aptly and clearly expresses the law applicable to such cases that we can do no better than to copy from that opinion as follows: "The moving or primary purpose of a debtor in paying to a creditor a debt by conveying to him property, or in mortgaging property to secure a debt due to him, may be to prevent some other creditor from subjecting it to the payment of a sum due to him; but this, within the meaning of the law, will not render the conveyance or mortgage fraudulent as to such creditor, if his purpose is solely to have payment or security for the sum actually due.

"As said in Ellis v. Valentine, 65 Texas, 547, 'What it is lawful to do can not become unlawful by reason of the fact that it is done through a motive or with an intent not friendly to all creditors; a hindrance or delay which does not operate as a fraud upon other creditors is not that prohibited by law.'

"To have made the mortgage in question fraudulent, the secured creditor must have had some purpose other than the security and payment of the sum due. He may have known that the debtor would not have given him the security but for a desire even to defeat some other creditor in the collection of sum due him, but this would not render it unlawful for him to take security for payment of sum due."

With regard to the charge under consideration, the Court of Civil Appeals said: "We think there is no error in the charge complained of when read in connection with the other portions above quoted."

That portion of the charge complained of makes such a definite and clear statement of an erroneous proposition of law that, instead of correcting the error, a charge to the contrary would have tended to confuse the minds of the jury; but, in our opinion, the other portions of the charge quoted by the honorable Court of Civil Appeals in no way conflict with, modify, or explain the error which we have pointed out.

The trial court erred in giving the charge complained of and the Court of Civil Appeals erred in affirming the judgment of that court, for which error the judgments of the District Court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*