## W. H. STONE ET AL. v. J. W. STITT, TRUSTEE.

### Decided June 19, 1909.

**1.—Evidence—Privileged Communication.**

Testimony of an attorney that certain deeds were executed by his client in fraud of the client's creditors is not subject to the objection that it involves privileged communications between client and attorney. Communications of that character between attorney and client are not privileged.

**2.—Briefing—Rules.**

The Court of Appeals will not consider assignments of error to the admission of evidence when the grounds of objection are not set out in the assignments nor in the "statements" thereunder and the court is referred to the record for such information; nor when the brief contains no statement of the evidence complained of or the statement consists of a mere conclusion as to the effect of the testimony.

**3.—Same—Practice.**

An assignment based upon a charge of the court will not be considered when neither the assignment nor the proposition thereunder points out in what respects the charge is "misleading, or ambiguous, or inconsistent with the main charge, or not applicable to the facts."

**4.—Fraudulent Conveyance—Knowledge of Purchaser.**

Knowledge on the part of a purchaser of property from an insolvent debtor that the conveyance was made with the intent on the part of the debtor to defeat other creditors will not vitiate the conveyance when the purpose of the purchaser was only to secure his own claim.

**5.—Same.**

When the sale of real property, belonging to an insolvent debtor, is a part of a scheme for defrauding creditors and so understood by both parties to the transaction, the whole scheme will be tainted with the fraud.

**6.—Same—Charge—Assumption of Fact.**

When there is no dispute or conflict in the testimony about a fact, it is not error for the court to assume such fact in its charge.

**7.—Charge—Ignoring Issue.**

When a plaintiff would be entitled to recover upon any one of several grounds, a special charge which authorized the jury to render a verdict for the defendant if they found for defendant upon one of said issues, is properly refused.

Vol. LVI Civil—30.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*Knight & Slaton* and *Barcus & North,* for appellants.

*N. J. Wade,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—The decision of this court on a former appeal of this case is shown in the 47 Texas Civ. App., 93. J. W. Stitt was appointed trustee in bankruptcy of Will H. Stone's property on September 26, 1903, and he prosecuted this suit as such trustee to recover two lots in the town of Hereford which Will H. Stone had attempted to convey to his mother, Mrs. Sallie Stone, by deed dated March 14, 1903. From a judgment in favor of the trustee canceling said deeds and decreeing title to both of said lots in the trustee, Mrs. Sallie Stone and W. H. Stone have appealed.

By their first assignment appellants complain of the admission of certain testimony of the witness Womack. They objected to the testimony upon the ground that Womack had been attorney for appellants and that his evidence consisted of information received by him as such attorney, and was therefore privileged. The entire testimony of this witness was favorable to appellants except such portions as tended to show that the deeds executed by Will H. Stone to his mother by advice of the attorney were in fraud of creditors of Will H. Stone. Communications of that character between attorney and client are not privileged. (Taylor v. Evans, 29 S. W., 174; Hyman v. Grant, 50 Texas Civ. App., 37.)

By the second, third, fourth and fifth assignments it is contended that the court erred in admitting certain other testimony of the same witness over appellants' objections, but the grounds of these objections are not set out in the assignments nor in any statements thereunder, and we are referred to the record for such information. This is not in compliance with the rules for briefing, and appellee's objection to the consideration of those assignments is sustained. (Scanlon v. Galveston, H. & S. A. Ry., 45 Texas Civ. App., 345; Poland v. Porter, 44 Texas Civ. App., 335; Rules 24, 25, 29 and 31, 94 Texas, 651 et seq.) Furthermore, the brief contains no statement of the evidence complained of in the third assignment, while the statement following the fourth assignment is a mere conclusion as to the effect of the testimony given by the witness in answer to the eighteenth interrogatory, and the statement following the fifth assignment of error wholly fails to show the evidence objected to. See Rules and Decisions, *supra;* also Peach River Lbr. Co. v. Ayers, 41 Texas Civ. App., 334; El Paso Elect. Ry. v. Furber, 45 Texas Civ. App., 348.

The sixth assignment of error is as follows: "The court erred in reading to the jury the first subdivision of paragraph three of the court's charge." Under this assignment propositions are submitted as follows: "First. Each paragraph of the court's charge should be in line with and reconcilable with the remainder of the charge. Second. The law as laid down in the first part of the third paragraph of the court's charge on page 11 of the transcript is misleading

as to the law and is calculated to confuse the minds of the jurors and is ambiguous and not applicable to the facts in this case." This assignment and the propositions thereunder fail to point out in what respects the charge complained of is misleading or ambiguous or inconsistent with the main charge, or not applicable to the facts in this case; and appellee's objection, to the consideration thereof, as being in violation of rules 24 and 25 governing practice in the Courts of Civil Appeals, is sustained. Garrison v. Ochiltree Co., 50 Texas Civ. App., 397, and authorities there cited.

The trial court instructed the jury to find in favor of the plaintiff if they should "find and believe from the evidence that at the time of such conveyance of said real estate to said Sallie Stone, the said Will H. Stone was indebted to other parties, and that he made the said conveyance for the purpose and with the intent on his part to delay, hinder or defraud the other creditors, or to cover up and place said real estate beyond the reach of his said other creditors, and not for the bona fide purpose of paying the debt due the said Sallie Stone, and that she knew of such fraudulent intent, if any, of the said Will H. Stone." This instruction was error, for which the judgment must be reversed. Bruce v. Koch, 94 Texas, 192; Haas v. Kraus, 86 Texas, 688.

Subdivision B of paragraph three of the main charge is criticised as being in conflict with the first part of said paragraph and calculated to confuse the jury, but neither by the assignment nor by any proposition thereunder do appellants point out in what respects the supposed conflict consists, or just how the charge was calculated to confuse the jury. This is not in compliance with rules 24 and 25, *supra;* Garrison v. Ochiltree Co., *supra.* The same paragraph of the charge is further criticised as not being applicable to the facts in the case. In the decision on the former appeal of this case the following language was used: "Fraud vitiates everything into which it enters, and if the 'slaughter sale' was fraudulent, and contemplated by both parties as a part of the transaction when the conveyances of real estate were made, as there was evidence tending to prove, the whole scheme should be condemned." And we think that the portion of the charge last above referred to substantially and correctly submitted the issue discussed in the quotation, and that the evidence warranted its submission.

In the fourth paragraph of the charge the following language is used: "You are further instructed that Will H. Stone, although in failing circumstances, had the right to prefer any one of his creditors over others and to convey him his property in satisfaction of such preferred creditor's claim." This language is criticised as assuming that Will H. Stone was in failing circumstances, and therefore upon the weight of the evidence. The undisputed testimony showed that Will H. Stone was in failing circumstances at the time the deeds were executed and the court did not err in assuming such to be true. Another criticism of the same paragraph of the charge is as follows: "The whole of this paragraph is confusing, ambiguous and contradictory, and we do not think it applicable either to the facts or law in this case and should not have been given." This

is entirely too general to merit consideration. See rules 24 and 25 above referred to; Garrison v. Ochiltree Co., *supra.*

Appellants requested the court to charge the jury in effect that a verdict should be in their favor unless the jury should find that at the time of the transfer of the house and lots Will H. Stone and his mother, Sallie Stone, were actually conspiring together to effect a sale of the merchandise for the purpose of defrauding the creditors of Will H. Stone. This charge ignored the other theory of plaintiff's case that the transfers of the lots to Mrs. Stone were without valuable consideration, and the requested charge was correctly refused.

Appellants also requested the following charge: "You are charged that if on the 14th day of March, 1903, the date of deeds from Will H. Stone to Sallie Stone to the houses and lots described in plaintiff's petition, Will H. Stone had other property sufficient to pay his debts, you will find for defendant Sallie Stone." This charge ignored the issue raised by the evidence and referred to in the quotation above made from the former decision of this court, and there was no error in refusing the request.

By their twelfth assignment appellants complain of error in the fifth paragraph of the court's charge, which reads as follows: "If you find for the plaintiff the form of your verdict will be as follows: 'We, the jury, find for the plaintiff that the conveyances from Will H. Stone to Sallie Stone of the real estate are fraudulent.' If you find for the defendants your verdict will be: 'We, the jury, find for the defendants.'" We fail to perceive any error in this instruction and the assignment complaining of it is overruled.

For the error above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*