## KILGORE et al. v. SAVAGE et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 17, 1914. Rehearing Denied March 14, 1914.)

1. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR.

Though an assignment of error in a motion for new trial, directing the court's attention to the error complained of, may be multifarious and raise distinct and separate questions, and so be technically unobservant of rules 24 and 25 of the Court of Civil Appeals (142 S. W. xii), it should not be disregarded, and, in the court's discretion, should be permitted, in view of the recent statute constituting the assignments of error as the specifications of error on which the cause is to be briefed, and making an assignment sufficient which directs the court's attention to the error complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

2. EXECUTION (§ 203*)—CLAIM BY THIRD PERSON—JUDGMENT AGAINST CLAIMANT—SATISFACTION.

Payment of costs of suit is required by Rev. St. 1911, art. 7793, providing that, if, within ten days from judgment against a claimant of property seized under execution, he shall return the property and pay for its use, together with damages and costs, such payment shall satisfy the judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 584; Dec. Dig. § 203.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Suit by Z. Z. Savage and others against C. L. Kilgore and others for an injunction. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

J. N. Haney and C. A. Wright, both of Amarillo, for appellants. Cooper, Merrill & Lumpkin, of Amarillo, for appellees.

HENDRICKS, J. For the disposition of this appeal from the county court of Potter county, Tex., it is sufficient to say that in another and different proceeding the appellants obtained a judgment against the appellees in conformity with the statute with reference to a trial of the right of property upon a claimant's bond, wherein it was provided that, in the event the defendant in that particular suit should, within ten days from the date of the judgment in that suit, return the property in as good condition as he received it, and pay for the use of it, together with the damages and costs, such delivery and payment would operate as a satisfaction of said judgment. The judgment in the other cause, in the trial of right of property, was attempted to be superseded by an appeal to this court, which, however, we judge from the record in this particular cause, was never in reality perfected, and, upon certificate from this court to the county court in said proceeding, the clerk of the county court issued an execution upon the judgment in that cause. The levy of the execution was enjoined in this cause, on the ground of a return of the property by one of the sureties upon the claimant's bond in conformity with the following statute (article 7793, Revised Statutes 1911): "If within ten days from the rendition of said judgment, the claimant shall return such property in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment." The trial court perpetuated the temporary writ of injunction upon final hearing, ostensibly holding that the return of said property was made in conformity with said stat-

ute, and such judgment of the trial court is challenged in this court.

[1] The appellant in this cause filed a motion for new trial in the trial court, and the only assignment in said motion carried forward into the brief upon appeal, questioning the judgment of the trial court upon the matter of the return of the property, is strenuously objected to in this court by the appellees, on grounds that it is multifarious and raises distinct and separate questions as specifications of error, and is in direct violation of rules 24 and 25 for the Courts of Civil Appeals of this state (142 S. W. xii). Under the present statute, passed by the last Legislature, constituting the assignments of error in the motion for new trial, as the specifications of error upon which the cause is to be briefed, and under rule 101—a (159 S. W. xi), promulgated by the Supreme Court in pursuance of said statute, both prescribing that an assignment shall be sufficient which directs the attention of the court to the error complained of—we are not prepared to say that this particular assignment, brought forward in the brief from the motion for a new trial, although multifarious in a sense, would now be condemned under said statute and rule—that question we do not decide. We think, however, that at present, on account of the recent passage of the statute, compared to the time in which this motion for new trial was made, that an assignment of this character, when reproduced from the motion, although technically unobservant of the directions prescribed by the old rules, when it contains a specification of error directing the attention of the court to the error complained of, should not be disregarded, and in our discretion should be permitted, challenging the judgment of the trial court. Assignments in motions for new trial have rarely been as rounded and as specific as afterwards reproduced and condensed following the old rules as to briefing. This assignment seems to raise every conceivable question challenging the judgment of the court upon the matter of the sufficiency of the evidence.

[2] It is agreed in this case by the appellee that the costs of the other proceeding, wherein judgment was rendered upon the claimant's bond, were not paid by the appellee surety even within the ten days after the certificate issued by this court had been filed with the clerk of the county court in lieu of a mandate authorizing the issuance of execution. At least we so construe the record on account of testimony preceding this admission that the costs of that proceeding were referred to as not having been paid. Justice Brown said, in the case of Willis & Bro. v. Chowning, 90 Tex. 625, 40 S. W. 398, 59 Am. St. Rep. 842: "The claimant and his sureties have the right, under this article of the statute, to return the property within ten days and discharge the judgment by paying the damages, if any, and the value of the use of

the property and costs of suit." It is true in that case the direct question of the failure to pay the costs of the suit as a precedent condition to a discharge of the judgment, in connection with the other conditions to be performed, was not involved; but the imperative language of the statute is such that it requires the payment of the costs as one of the prerequisites, in order that the return of the property "shall operate as a satisfaction of such judgment." The statute, in effect, says that, if the delivery and payment is made within the time prescribed, the judgment is satisfied. The converse of that proposition is that if not done the judgment is unsatisfied. Without discussing whether there was an abandonment of the appeal from the county court in the other proceeding to this court, and that the time had already expired when the certificate was issued from this court to the county clerk, or whether the property was returned, or only a portion, we think that if the time should be computed from the latter event that the appellees did not comply with the statute, and that the same is affirmatively shown in this record, and that, on account of such noncompliance, the judgment was not satisfied, and that the trial court erred in perpetuating said injunction, restraining the levy of the execution.

The cause is reversed and rendered, and it is ordered that the judgment of the trial court perpetuating said injunction be set aside, and that said injunction be in all things dissolved.

Reversed and rendered.