PERRY BROS. v. McNEILL.    (No. 8391.)

(Court of Civil Appeals of Texas. Ft. Worth. June 17, 1916. On Motion for Rehearing, Nov. 11, 1916.)

1. APPEAL AND ERROR ☞743(1) — ASSIGNMENTS OF ERROR—SUFFICIENCY—RULES OF COURT.

Under rule 24 for Courts of Civil Appeals (142 S. W. xii), requiring an assignment of error to specify the grounds of error relied on and set forth in a motion for new trial, rule 25 (142 S. W. xii), requiring an assignment of error to point out the part of the proceedings contained in the record in which the error is complained of so as to identify it, and to refer to the part of the motion for a new trial in which the error was complained of, and rule 31 (142 S. W. xiii), requiring that to each proposition there be subjoined a statement of such proceedings contained in the record as is necessary to support the proposition with a reference to the page of the record, an assignment of error in a charge, followed by a statement referring to the "fourth bill of exception, statement of facts, page 16," was insufficient, and would not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2999; Dec. Dig. ☞743(1).]

On Motion for Rehearing.

2. APPEAL AND ERROR ☞759—ASSIGNMENTS OF ERROR—SUFFICIENCY—NOTICE OF OBJECTION—RULE OF COURT—"DIRECT."

No notice of the appellee's objections to the sufficiency of the assignments of error as provided by rule 15a for Courts of Civil Appeals (142 S. W. xi), is required, where appellant fails to comply with rule 29 (142 S. W. xii) in preparing his brief, regardless of whether the court's action is invoked by appellee in his brief, or whether the court of its own motion refuses to consider such assignments, and notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, as amended by Acts 33d Leg. c. 136, and Supreme Court rule 101 (159 S. W. xi), adopted in compliance therewith, providing that the appellant shall file assignments of error with the clerk before taking the transcript from the clerk's office, and that where a motion for new trial is filed the assignments therein shall constitute the assignments of error, and that an assignment shall be sufficient which directs the court's attention to the error complained of, as the word "direct" means to cause to point or go straight to a thing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.

For other definitions, see Words and Phrases, First and Second Series, Direct.]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by W. T. McNeill against Perry Bros. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Moores, of Stephenville, for appellant. Hickman & Bateman, of Stephenville, for appellee.

BUCK, J. Appellant brought suit against appellee in the justice court upon a promissory note, and made affidavit and bond for writ of attachment, alleging in the affidavit that appellee was about to dispose of his property for the purpose of placing it beyond the reach of his creditors. The writ of at-

tachment was issued and an actual levy was made under the writ by the officer upon a certain peanut thresher belonging to appellee, but the officer made no return on the writ. The service of the writ caused a delay in the operating of the thresher of some four hours, until, the appellee having secured the money with which to pay off the alleged debt, the thresher was released. Whereupon appellee brought suit against appellant for damages for the alleged unlawful issuance and levy of the writ in the sum of $2,050, $250 alleged to be actual damages, and $1,800 exemplary. From a judgment for plaintiff in the sum of $15, the defendant, a corporation, appeals.

Appellee has filed in this court an objection to the consideration of any of the six assignments in appellant's brief, because said assignments are not briefed in compliance with the provisions of the rules laid down by the Supreme Court for the guidance of the Courts of Civil Appeals and the attorneys practicing therein, and especially does he urge a failure to comply with rules 29 and 31 (142 S. W. xii and xiii), for the guidance of the Courts of Civil Appeals, and rule 101a (159 S. W. xi), for the guidance of district and county courts.

[1] While we are not inclined to require a strict observance of the rules as a prerequisite for consideration by us of the assignments presented by an appellant, yet we deem it our duty to require at least a substantial compliance with the rules made and provided for our guidance, as well as that of the profession generally. We have come to the conclusion that appellant has failed of a substantial compliance with the rules mentioned in each of its six assignments. For instance, the fourth assignment of error, submitted as a proposition, is as follows:

"The court erred in charging the jury that they should assess plaintiff's damages in such a sum of money as they believed from the evidence would reasonably compensate him for the time lost by reason of said levy of the writ of attachment: First. There was no return upon the writ of attachment, showing that a levy had been made. Second. The compensation for time lost would be for profits that would be lost while the machine alleged to have been seized by virtue of the writ of attachment could not be used by virtue of said seizure, and profits are not recoverable as damages.

"Statement.

"Defendants' fourth bill of exception, statement of facts, page 16."

Rule 24 (142 S. W. xii), for the Courts of Civil Appeals provides that:

"The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

Rule 25 (142 S. W. xii) provides what shall constitute a distinct specification of error;

that it must point out that part of the proceedings contained in the record in which the error is complained of, in the particular matter, so as to identify it, etc.—

"with such reasonable certainty as may be practicable, in a succinct and clear statement considering the matter referred to, and must refer to that portion of the motion for a new trial in which the error is complained of."

Rule 31 provides:

"To each of said propositions there shall be subjoined a brief statement, in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it, and without intermixing with it arguments, reasons, conclusions or inferences."

With these rules above quoted, in whole or in part, in mind, it will be noted that no reference is made in this assignment to the motion for new trial, or whether the assignment presented was contained in the motion for new trial or not, or whether any motion for new trial was ever filed, and, if so, whether it is contained in the record. The page of the transcript where the "fourth bill of exception" is to be found is not included in the statement. By reference to page 16 of the statement of facts, to which reference is made in the "statement," it is found that the upper half of said page contains a portion of the testimony of T. J. McNeill and the lower half contains a portion of the testimony of W. T. McNeill, the plaintiff, and no reason is given in the statement under the assignment why either excerpt of testimony on page 16 is applicable or pertinent to the issue presented in the assignment, or supports the same. We are of the opinion that appellee's objection should be sustained. Texas Grain & Elevator Co. v. Dyer, 184 S. W. 1049.

The other five assignments are practically in the same condition and subject to the same objections. We are inclined to believe that counsel for appellant did not exercise his customary care in preparing his brief, and that he has sacrificed clearness, fullness, and perspicuity in the effort at brevity. If the rights of his client affected by this $15 judgment were of sufficient moment to justify an appeal to this court, we think they also should be held worthy of more carefulness in the preparation of the brief.

Finding no fundamental error manifest of record, the judgment of the trial court is affirmed.

## On Motion for Rehearing.

[2] Appellant urges error in the court's action in refusing to consider its assignments because not properly briefed. It is urged that appellant was entitled to ten days' notice of the appellee's objections, under rule 15a (142 S. W. xi) for Courts of Civil Appeals. No notice is required where

appellant' fails to comply with rule 29 in preparing his brief, and it makes no difference whether the action of the court is invoked by appellee in his brief, or whether the court of its own motion and volition refused to consider such defectively briefed assignments. Cooper v. Hiner, 91 Tex. 658, 45 S. W. 554; T. & P. Ry. Co. v. Eberheart, 91 Tex. 323, 43 S. W. 510; Stone v. Stitt, 56 Tex. Civ. App. 465, 121 S. W. 187; rule 29 for Courts of Civil Appeals. In this conclusion, we do not consider that we are disregarding article 1612, Vernon's Sayles' Texas Civil Statutes, as amended by the Thirty-Third Legislature (Acts 33d Leg. c. 136) nor rule 101 (159 S. W. xi), adopted by the Supreme Court in compliance with said article; nor do we think we are in conflict with the holding of the Supreme Court in M., K. & T. Ry. Co. v. Beasley, 155 S. W. 183–187; nor with the Galveston court in Conn v. Rosamond, 161 S. W. 73; nor with the Amarillo Court in Kilgore v. Savage, 164 S. W. 1081. All these cases recognize that the rules of procedure and practice made by the Supreme Court are subject to legislation touching and controlling matters concerning which the rules treat. Article 1612 prior to the amendment in 1911 contained the language which we have not italicized in quoting said article as amended, to wit: ·

"Assignments of Error; Requisites of.—The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, 'distinctly specifying' the grounds on which he relies, before he takes the transcript of [the] record from the clerk's office; *provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error, and need not be repeated by the filing of the assignments of error, and provided further, that all* errors not distinctly specified are waived, *but an assignment shall be sufficient which directs the attention of the court to the error complained of."* · ·

The amendatory provision, "where a motion for new trial has been filed, that the assignments therein shall constitute the assignments of error," limits the assignments to those presented in the motion for new trial, and hence restricts rather than enlarges appellant's rights. Hence, if a more liberal policy with reference to assignments be introduced by these amendments to the original article, it is because of the language "but an assignment shall be sufficient which directs the attention of the court to the error complained of." We think, in the sense used, "direct" means "to cause to point or go straight to a thing." Standard Dictionary. And that an assignment that fails, either in itself, or by proposition or by statement, as in those in the instant case, to direct the attention of the court to the error charged, and to the basis for the contention made, is bad, and that Courts of Appeals are not required to give consideration thereto. We do not think the amended article

was intended to or should be held to supplant rule 29, requiring each assignment to be accompanied with appropriate propositions and statements, or that else it "shall be regarded as abandoned." Douthitt v. Farrar, 159 S. W. 182.

The motion for rehearing is overruled.