**CAFFREY v. BARTLETT WESTERN RY. CO. (No. 5824.)**

(Court of Civil Appeals of Texas. Austin. Nov. 14, 1917.)

1. APPEAL AND ERROR ⬅➡742(5) — BRIEFING — ASSIGNMENTS—GENERAL ASSIGNMENTS NOT FOLLOWED BY PROPOSITIONS OR STATEMENT.

Assignments of error in effect charging that the trial court committed reversible error by instructing the jury to return a verdict for defendant are not properly briefed, when not followed either by propositions or statement showing why it is contended that error was committed in directing a verdict for the defendant; the assignments themselves being too general to constitute propositions.

2. APPEAL AND ERROR ⬅➡760(2)—REFERENCE TO STATEMENTS OF FACTS IN BRIEF—DUTY OF COURT TO READ STATEMENT.

Where there are references in plaintiff's brief reading, "S. of F. p. ——," it is not the duty of the appellate court to read the entire 22 typewritten pages of the statement of facts to verify the statements in the brief that certain facts were proved; such statements being followed by the references.

3. APPEAL AND ERROR ⬅➡766—BRIEFS—COMPLIANCE WITH RULES—EFFECT.

The rules prescribed by the Supreme Court on the subject of briefing cases, especially rules 29, 30, and 31 (142 S. W. xii, xiii), were adopted to relieve appellate courts from the necessity of examining the entire record, and failure to comply with them constitutes an abandonment of the assignment, resulting in affirmance, unless fundamental error is discovered.

4. DEATH ⬅➡76—DEATH BY WRONGFUL ACT— LIABILITY — CAUSATION BY DEFENDANT'S NEGLIGENCE OR WRONG.

A railroad, sued for a wrongful death, was not liable on proof establishing an unexplained injury resulting in the death, but not showing that the injury was caused by any negligent or wrongful act of the road.

Error from District Court, Williamson County; Chas. A. Wilcox, Judge.

Suit by Mrs. Mary Caffrey against the Bartlett Western Railway Company. To review a judgment for defendant, plaintiff brings error. Judgment affirmed.

Will Glover, of San Antonio, and Melasky & Moody, of Taylor, for plaintiff in error. Wilcox, Graves & Metcalfe, of Georgetown, and Stanton Allen, of Bartlett, for defendant in error.

KEY, C. J. Mrs. Caffrey brought this suit against the railway company to recover damages, alleging that the company had wrongfully and negligently caused the death of her husband. It is not necessary to state all the pleadings filed by the defendant, which included a general denial. After hearing all the testimony, the trial judge directed a verdict for the defendant, upon which verdict judgment was rendered for the defendant, and the plaintiff has brought the case to this court by writ of error.

[1] The brief filed on behalf of the plaintiff contains but two assignments of error, each of which in effect charge that the trial court committed reversible error by instructing the jury to return a verdict for the defendant. Neither of the assignments is properly briefed, because the assignments themselves are too general to constitute propositions, and they are not followed up by either propositions or statement showing why it is contended that error was committed in directing a verdict for the defendant.

[2] In an argument in the plaintiff's brief it is stated that certain facts were proved; such statements being followed up with the following reference: "(S. of F. p. ——.)" Of course, we understand such references to refer to the statement of facts, but not to any particular page thereof, and, as the statement of facts consists of 22 typewritten pages, it is not our duty to read that entire document to verify the statements made in the brief.

[3] The rules prescribed by the Supreme Court upon the subject of briefing cases, and especially rules 29, 30 and 31 (142 S. W. xii, xiii), were adopted for the purpose of relieving appellate courts from the necessity of examining the entire record, and a failure to comply with them constitutes an abandonment of the assignment, with the result that the case will be affirmed, unless fundamental error is discovered, and that character of error has not been suggested by counsel or discovered by this court.

[4] Counsel for the defendant in error object to a consideration of the assignments, but in the alternative they make a statement in their brief, which has not been controverted by the plaintiff in error, which shows that the proof established an unexplained injury which resulted in the death of Mr. Caffrey, but did not show that it was caused by any negligent or wrongful act of the defendant, and if such was the condition of the testimony, no error was committed in directing a verdict for the defendant.

So our conclusion is that the judgment should be affirmed; and it is so ordered.