## DENBY MOTOR TRUCK CO. v. MEARS.
### (No. 1778.)

(Court of Civil Appeals of Texas. Amarillo. March 16, 1921. Rehearing Denied April 13, 1921.)

**1. Appeal and error ⬳731(1) — Assignment that verdict is contrary to evidence held insufficient.**

An assignment of error that the verdict is contrary to the evidence is too general and does not distinctly specify the grounds relied upon and cannot be considered under Rules 25 and 26 for Courts of Civil Appeals (142 S. W. xii.)

**2. New trial ⬳128(5)—Ground of motion asserting that verdict is contrary to evidence need not be considered.**

Under Rule 68 for district courts (142 S. W. xxii), the trial court was justified in disregarding a ground of a motion for a new trial asserting merely that the verdict was contrary to the evidence.

**3. Appeal and error ⬳742(5)—Assignment of error to refusal of charge held defective for want of proposition.**

An assignment of error complaining of the refusal of a special charge, and followed by a statement that the testimony disclosed that the person with whom plaintiff contracted was not defendant's agent, was defective under Rules 29 and 30 for Courts of Civil Appeals (142 S. W. xii, xiii), where it was followed by no proposition, since an assignment not itself a proposition and not followed by a proposition is waived.

**4. Appeal and error ⬳742(5)—Statement under assignment to refusal of instruction referring to entire testimony held insufficient.**

A statement under an assignment of error to refusal of instruction, asserting that the testimony disclosed a certain fact followed by a reference to the entire statement of facts, was not sufficient under Rule 31 for Courts of Civil Appeals (142 S. W. xii) to entitle the assignment to be considered.

**5. Appeal and error ⬳742(4) — Proposition held not to raise question of agency of party writing letters, but question of proof that he wrote them.**

A proposition under an assignment of error asserting that letters against the interest of the party are not admissible against him unless the proof shows, or tends to show, that they were written by him or by some one shown to be authorized by him to write them, does not raise the question that the apparent writer was not appellant's agent, but rather that the execution of the letters by the party purporting to sign them was not proved.

**6. Evidence ⬳261—Agency of party writing letters offered is question of fact.**

The question whether the party writing letters offered in evidence against defendant was its agent was one of fact to be established by evidence.

**7. Evidence ⬳378(1) — That letters were written by apparent writer must be proved, but may be proved by circumstances.**

While the signature of the party writing a letter must be proved or its execution established before it is admissible in evidence, this may be done circumstantially, and, when the circumstances indicate that it is the letter of the party purporting to write it, the court may admit it.

**8. Evidence ⬳378(1)—Admission of letters held not error for want of sufficient evidence that they were written by apparent writer.**

The Court of Civil Appeals *held* not authorized, under the evidence, to say that there was not sufficient evidence to establish the execution of letters by the party purporting to write them to admit them in evidence.

**9. Principal and agent ⬳194(1)—Where both were sued, instruction not to consider alleged agent's letters unless he was agent held properly refused.**

Where buyer's action for breach of a contract for sale of trucks was brought against the manufacturer and his alleged agent, an instruction that, unless the jury found that he was the manufacturer's agent, letters written by him should not be considered, was properly refused, as it would have been error to charge that they could not be considered in determining the agent's liabilty.

**10. Appeal and error ⬳1067—Requested instruction not to consider letters unless jury found agency held immaterial, where question of agency not submitted.**

In buyer's action against a manufacturer and its alleged agent for breach of a contract for the sale of trucks, where the court did not submit the question of agency to the jury and was not requested to do so, but evidently determined that question from the contract in evidence, a charge not to consider certain letters written by the alleged agent, unless he was found to be the manufacturer's agent, would have been immaterial and its refusal was not error.

**11. Trial ⬳351(2)—Special issue as to damages substantially correct not error in absence of request.**

In an action for breach of a contract for the sale of trucks purchased for resale, a special issue as to the amount of damages, in which it was stated that the damages would be the difference between the contract price and the net price for which the trucks would have been sold if plaintiff would have sold them, was substantially correct and not erroneous on the ground that plaintiff could not recover any damages which he could have diminished or prevented, as defendant should have prepared a proper issue presenting that question.

**12. Damages ⬳163(2)—Burden on defendant to show damage could have been prevented by plaintiff.**

One occasioning loss to another has the burden of showing that the complainant could have prevented the loss by reasonable care.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

13. Sales ⚖️418(7)—Buyer not required to reduce damages by accepting offer which required waiver of damages.

Where a manufacturer refused to deliver four trucks sold unless the buyer would pay a new and increased price, the buyer was not required to reduce his damages by accepting an offer of the seller's agent to let him have two trucks at the old price, where he would have waived his right to damages by taking such trucks.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by J. L. Mears against the Denby Motor Truck Company and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Carrigan, Montgomery, Britain & Morgan, of Wichita Falls, for appellant.

Weeks, Morrow, Francis & King, of Wichita Falls, for appellee.

HUFF, C. J. The appellee, Mears, brought this suit against the appellant, Denby Motor Truck Company, a corporation, C. N. Burg, and Denby Truck Company of Texas, a partnership, composed of Edwin Hobby and T. W. Camp. The appellant alleged that about July 1, 1917, he made a contract with the defendants to purchase from them four two-ton Denby trucks at the agreed price of $1,700, less 25 per cent. commission each, f. o. b. Detroit, Mich.; that he was handling the trucks in Wichita county and adjoining counties at the time he made the contract; that if they had been delivered he could and would have sold same for the price of $1,800 each and would have made a profit of 25 per cent., all of which was fully understood and agreed to; that the defendants accepted his order for the trucks and agreed to deliver the same promptly, but have failed and refused to do so and refused to deliver the trucks at the contract price and repudiated the contract and raised the price of said trucks and refused to deliver the same except at the increased price, and thereby breached the contract, which he alleges has damaged him $1,566. The corporation and partnership answered by exceptions and in effect a general denial. The case was submitted to the jury on special issues:

"Issue No. 1: Did the defendant Denby Motor Truck Company of Detroit agree to deliver to the plaintiff four trucks as alleged by plaintiff? Answer: Yes.

"Issue No. 2: If you answer the first question in the affirmative, then did the said defendant deliver said trucks? Answer: No.

"Issue No. 3: If you have answered the second question in the negative, then you will find what amount, if any, plaintiff was damaged by reason of such failure. In answering this question you will find the damages, if any, to be the difference between the contract price and the net price which said trucks would have sold for by plaintiff, if you find that plaintiff would have sold them. Answer: $1,475.00."

The trial court submitted no issue as to the liability of C. N. Burg, or of the Denby Motor Truck Company of Texas, a partnership. The facts show generally that C. N. Burg had a contract with the appellant corporation to handle its make of trucks in Texas, and that he operated under the name of the Denby Truck Sales Company, and that he was later succeeded by the partnership defendant, Denby Motor Truck Company of Texas. The latter concern shows that it was not in any way connected in the contract or sale to appellee of the trucks in question. The trial court rendered judgment on the verdict of the jury in favor of the appellee against the Denby Motor Truck Company, a corporation, for the amount found by the jury, and from this the appeal is perfected by the corporation.

[1, 2] The first assignment is as follows: "The verdict is contrary to the evidence." This was the ground set up in the motion for new trial which is in the exact language of the assignment. It is manifest, we think, that the assignment is too general and does not distinctly specify the grounds relied upon and cannot be considered by us under Rule 26 or Rule 25 (142 S. W. xii) for this court. Sanger Bros. v. Craddock (Sup.) 2 S. W. 196; Gross v. Hays, 73 Tex. 515, 11 S. W. 523; Stacy v. Delery, 57 Tex. Civ. App. 242, 122 S. W. 300; Railway Co. v. Norman, 91 S. W. 594; Suggs v. Terry, 34 S. W. 354. Neither was the trial court called upon to pass upon the sufficiency of the evidence by the motion for new trial, and was justified in disregarding it on that ground. Rule 68 for district courts (142 S. W. xxii) expressly prohibited that court from considering the motion on such ground so assigned. W. U. Tel. Co. v. Mitchell, 89 Tex. 443, 35 S. W. 4; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787.

[3, 4] The eighth assignment of error is that the court erred in refusing special charge No. 1, which in general terms sought to have the jury instructed to return a verdict for appellant. This assignment is followed by a statement to the effect that the testimony discloses that C. N. Burg, with whom appellee contracted to purchase the motor trucks, was not the agent of the appellant, and by it authorized to bind it for the delivery of the trucks at the price agreed upon between Burg and the appellant. Statement of Facts, 1-39. This includes the entire statement of facts, which is 39 pages, including the index, agreement of counsel, and approval by the district judge. This assignment is not followed by a proposition. From the assignment and the statement made we cannot tell whether appellant contends when the order was given and accepted by Burg the price

was not enough or below the then authorized price; whether Burg was an agent for any purpose; whether he was an agent with limited powers; or whether the contract to sell was not within the agent's powers. The trial court in this case evidently found that Burg was such agent as was authorized to make the contract. We must, under this assignment and statement, surmise the proposition of law upon which appellant relies and the facts upon which it relies as sustaining the supposed proposition. If an assignment is not within itself a proposition and not followed by a proposition, it may be considered as waived. Rules 29 and 30 (142 S. W. xii, xiii); Cooper v. Hiner, 91 Tex. 658, 45 S. W. 554; Railway Co. v. Eberheart, 91 Tex. 321, 43 S. W. 510; Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 318. A general reference to the entire testimony in lieu of the statement necessary and required to support the proposition relied upon, as prescribed by Rule 31 (142 S. W. xii), is not a sufficient statement to entitle the assignment to be considered. Railway Co. v. Wafer, 62 Tex. Civ. App. 74, 130 S. W. 714; Caffrey v. Railway Co., 198 S. W. 810; General Bonding, etc., v. Harless, 210 S. W. 307 (13 and 14). This court has frequently been called upon to apply these rules and has held such assignments and statements defective and as authorizing the court to treat the assignment as waived, and especially where, as in this case, the appellee urged objections to the brief upon such grounds. The first and eighth assignments will be treated as presenting no error, and as abandoned or waived, under the rules.

Assignments 3 to 7, inclusive, are submitted together. They relate to letters introduced in evidence, purporting to be from Denby Truck Sales Company of Dallas, to the appellee, and are dated, respectively, July 28th, August 8th, 13th, 14th, and 17th. Appellant presents one proposition under the above assignments:

"Letters against the interest of a party are not subject to be offered in evidence against him, over his objection, unless the proof first shows or tends to show that such letters were written by such parties or by some one shown to be authorized by him to write the same."

The objection to their introduction made at the trial was that the letters are not shown to have been written by either defendants or by any one by either authorized. The effect of the letter of August 8th was to notify appellee that the factory was shipping the trucks ordered; the letter of the 13th, that the Denby Sales Company was just in receipt of a letter from the factory that it would be impossible to fill any more orders at the old price and that the orders then in the factory would not be delivered unless taken at the new price, and if their representatives or agents insisted or demanded that the orders placed prior to June 1st be filled at the old price, such would be considered sufficient cause to cancel their contract. It was stated therein that it would hit appellee hard, as he had an order in for four two-ton trucks, to be shipped at the old price, but that the writer could not lose the agency, etc., by refusing to take the cars at the new price. The letter of August 14th stated that the Sales Company understood that the factory had shipped out to appellee a carload of trucks and to let it know if the car was to be handled upon the same basis. The letter of August 17th stated:

"In answer to your letter of the 14th regarding trucks in transit, the goods are billed at new price. In your letter you state, 'If trucks are at new price we will not buy them.' If this is your purpose wire me so I can make arrangements to handle them and also get another agent"—and other matters not necessary to state at this time.

The letter of July 25th notified appellee they had two two-ton trucks to be sold at new price. If appellee had some important sales and might lose the orders taken, the Sales Company, under such circumstances, would be willing to split the difference between new and old price. The bills of exception taken only show the letters introduced and the objections thereto. It does not give the preliminary testimony upon which the court acted in determining the admissibility of the testimony. Part of the objections made at the trial was that the letters did not purport to speak for appellant or the Denby Motor Truck Company of Texas, but the Denby Truck Sales Company.

[5, 6] It will be perceived from the proposition it is not here urged that the Sales Company was not the agent of appellant, in acting for it, but rather it would appear that the execution of the letters was not proven by the party purporting to have signed them. There is no statement of facts under these assignments showing that the Sales Company was not the agent of appellant. The question of agency was an issue of fact to be established by evidence. There was no request in the objection that the court would limit the evidence; that is, that the letters should not be considered for the purpose of proving agency. The trial court evidently determined the evidence aliunde the letters tendered to establish an agency and that they were admissible to establish the fact that the order was made by appellant and had been accepted at the old price, and to show the advance in the price on the trucks so ordered; in other words, to establish the breach. From the bill of exceptions or the assignments, we are unable to tell what preliminary evidence was offered to establish a predicate for the introduction of the letters. In looking into the record we find that Burg was the Denby Motor Truck Sales Company

at Dallas and that he was the only member thereof. At least two of these letters were signed by him; one dated August 14th and the one dated August 17th. A witness identified the signature of Burg to one of the letters. This witness further states the letters were stamped signed Denby Truck Sales Company, and that was the stamp used by Burg. There is testimony by appellee that at least two of the letters bore the letter head of Denby Motor Truck Sales Company, State Distributors, Dallas, Tex. The letters are dated at Dallas, Tex. We infer from this witness that the letters had the letter heads used by 'Burg, but the statement of facts in this case or the bill of exceptions do not copy the same. Some of these show to be in answer to letters written by appellee, and one requested an answer by wire, if appellee could not take the trucks at the new price. The statement of facts shows that appellee did 'phone Burg that he would not take the trucks at the new price. The letters notified appellee if he would not take them at the new price that he (Burg) would come up and make arrangements to take charge of them and procure another agent. After the trucks arrived at Wichita, appellee did not take them, and Burg came up and disposed of them, and it appears let the agency to another, in Wichita Falls. The contract between appellant and Burg was introduced in evidence, and Burg's signature to it was identified and proven. The testimony is practically undisputed that the trucks were sold at the old price, $1,750 each, and that the factory shipped the cars at $2,025 each, the new price, which appellee refused to pay.

[7, 8] While the signature of the party writing the letter must be proved or its execution established before it is admissible in evidence, this may be done circumstantially, and when the circumstances are such as to indicate they are the letters of the party purporting to write them, the court may admit them as evidence. The facts in this case establish the signatures of one of the letters at least, as well as the stamp used by Burg in signing letters. His signature was also established with the contract. Burg purported to be answering letters to appellee and notified him what would be the result if he did not comply by taking the trucks at the new price. Burg, after the trucks arrived, did what he stated in the letters he would do if the conditions were not complied with. All these letters, with the stamped signatures, the signature of Burg to the letters and the contract, were before the court, subject to his personal examination, and we do not feel authorized to say that he did not have sufficient evidence to establish their execution sufficient to admit them in evidence. Ullman v. Babcock, 63 Tex. 68; International Harvester v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 95; Railway Co. v.

McIntyre, 36 Tex. Civ. App. 399, 82 S. W. 349, 350. In this case these letters simply purport to show the sale at one price and afterwards the higher price was demanded. This was shown by other evidence, about which there appears to be but little dispute. As to those points, their introduction, if error, would be harmless.

[9, 10] The tenth assignment presents as error the failure to give requested charge No. 3:

"You are instructed that unless you find that the defendant C. N. Burg was the agent of the defendant Denby Motor Truck Company, at the time the contract was made between Burg and plaintiff, that you will not consider the letters introduced that are written by the said Burg to plaintiff."

We think there was no error in refusing this charge. The appellee had sued both appellant and Burg, and if Burg was not the agent of the appellant, then he was liable for the breach. It would have been error to instruct the jury if they found Burg was not the agent they could not consider his letters in considering his liability. Of course, if appellant did not make the contract with appellee through Burg as his agent, they were not liable whether the jury did or did not consider the letters. Possibly a proper charge would have been that the letters should not be considered in establishing or proving agency, and unless the jury found agency by evidence other than by the letters, then they should not consider them for any purpose as against the appellant. Robertson v. Bank, 98 Tex. 184, 82 S. W. 505. The trial court, however, did not submit the question of agency to the jury, and it would appear he was not requested so to do. He evidently determined that question from the contract in evidence and determined that the other defendants sued were not liable, but their principal would be, if any one had breached the contract. Under the issue submitted, the charge would have been immaterial. We think no error is shown by a refusal of this charge. We desire to say we have not attempted to construe the effect of the contract between Burg and appellant. As we understand, there is no such assignment calling on us to do so. If it is not an agency contract, then it is dangerously near a violation of the anti-trust law. Doubtless the trial court sought to give to it that construction which would render it a legal contract, and found it to be an agency contract.

[11-13] The eleventh assignment, special issue No. 3, submitted to the jury, is objected to because the appellant was not entitled to recover any amount of damages which he could have diminished or prevented by any means at his disposal, to protect him from loss. It is our view that the issue as given was substantially correct. If appellant desired to have the jury determine whether the appel-

lee could have diminished his damages by reasonable diligence, we think it was his duty to prepare a proper issue presenting that question for the jury's determination. As we understand the rule, where a party has occasioned a loss to another the burden is on him to show· the complainant could have prevented loss by reasonable care. Porter v. Burkett, 65 Tex. 383. The facts in this case, in our judgment, did not require or call for such a charge. It is true in one of the letters Burg stated to appellee that they had two trucks in stock which appellee could have at the old price to offset his loss, provided the trucks were not sold before appellee decided to take them. He was told in that letter if he insisted on the old price he would lose his contract. Under the terms of this statement, it was made, it occurs to us, to induce appellee to retain the agency and to waive his claim to his damage. If he had not waived all of his damages, he could not have procured the two trucks. The appellee was not negligent, as we conceive it, in refusing such an offer. He was required by the proposition to waive his right in order to secure a possible chance of getting two trucks at the old price. However, if there was any issue of fact on the question, we think the duty rested on appellant to request a proper issue presenting it.

No reversible error being assigned, the judgment will be affirmed.