"Wheeler, C. J.
—The charge of the court was to the effect, that the parol agreement between the defendant and his brother, J. P. Simmons, to destroy the deed of conveyance from the former to the latter, and take back the land, would destroy the effect of that conveyance, or it would divest the estate of the latter, whether the deed was in fact destroyed or not. In this we incline to think the court erred. “If the grantee of land alter or destroy his title deed, yet (it is said) his title to the land is not gone. It passed to him by the deed; the deed has performed its office as an instrument of conveyance; and its continued existence is not necessary to the continuance of title in the grantee, but the estate remains in him until it has passed to another by some mode of conveyance recognized by law.” (1 Greenl. Ev., §§ 265, 568, and notes.)
The deed had been delivered and the estate vested; it did not appear that the deed had been in fact cancelled; and if it had been, it would seem this was not sufficient under the statute of frauds, which requires writing to divest or pass the estate out of the grantee.
It is not necessary, at present, to consider in what cases the cancellation of a deed will have the effect, operating in the nature of a surrender, to divest the estate. The evidence would not warrant the court in giving that effect to what transpired between the parties in the present case.
We are of opinion, therefore, that the judgment must be reversed and the cause
Remanded.