## WILLIAM K. FURLOW ET AL. V. MILLER & COLLINS.

Amendments which introduce new and subsequent averments, such as constitute additional cause of action, as a prayer to foreclose a vendor's lien, can be made; but where the defendant has not appeared, he must be served with notice of such amendments. (Paschal's Dig., Art. 54, Note 243, p. 108.)

A suggestion of delay opens the case to all errors of record. (Paschal's Dig., Art. 1581, Note 613.)

ERROR from Houston.   The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The original petition declared for the debt.   Of this there was service, but no appearance.   At a subsequent term, the plaintiff amended, and declared for the foreclosure of the vendor's lien on the land for which the note was given; but of this amendment the defendant was given no notice.   The judgment was by default, and the defendant prosecuted error, and in his petition he assigned several causes; but he made no mention of the amendment upon which the case turned.   The defendants in error suggested delay.

No brief for the plaintiffs in error has been furnished to the *Reporter.*

*W. A. Kenard,* for the defendants in error.

MOORE, C. J.—The plaintiffs in error, who were defendants in the district court, were duly served with a copy of the original petition, by which they were notified that a judgment was asked against them simply for the amount due on the note described in the petition.   The plaintiffs below, however, subsequently amended their petition, and alleged that the note sued on was given in payment of a tract of land upon which they claimed a vendor's lien, as security for its payment.   Without service of this amended petition, or an appearance of the plaintiffs in error, a judgment by default was entered against them for the amount of the note, and for the sale of the land upon which the vendor's lien was claimed in the amended petition.   In this, we think, under the former rulings of this court, there was manifest error.   The amendment sets up a distinct and independent cause of action from that disclosed in the original petition.   Important and valuable rights of the plaintiffs in error may be affected by the judgment of the court on the amended petition, in respect to which they

are given not the slightest intimation in the original petition that an adjudication would be asked. This being the case, the judgment by default on the amended petition was erroneous. (Morrison v. Walker, 22 Tex., 19; De Walt v. Snow, 25 Tex., 321.)

And, the case having been submitted to us on a suggestion of delay, which, according to the practice of the court, opens the record to inspection of errors of this character, the judgment is reversed, and the cause

REMANDED.