## T. & N. O. R. R. Co. v. MARTIN WHITE.

(Case No. 4400.)

1. REMITTITUR WILL NOT CURE ERROR, WHEN.— In a suit brought by a surveyor to recover a locative interest, or its value, of one-third of ten sections of land located and surveyed by him, after service of petition, and without appearance by defendant, an amended petition was filed, claiming a locative interest in another section of land, located in a different county. Judgment by default was rendered, embracing the eleven sections, and providing that if the defendant failed to make partition of the land in a time specified, that plaintiff recover a gross amount of money specified in lieu of the land. *Held,*

(1) In the absence of evidence of the value of the additional section of land described in the amended petition, a *remittitur* of one-eleventh of the judgment would not cure the error, and the cause was reversed.

Error from Tom Green.    Tried below before the Hon. A. Blacker.

In addition to facts stated in the opinion, the following extract from the judgment is given:

" And in case the defendants fail to make partition and deed to plaintiff as aforesaid within the time aforesaid, to wit, within sixty days from the adjournment of this court: It is therefore ordered, adjudged and decreed that plaintiff do have and recover of and from the defendants herein the sum of twenty-three hundred and forty-six dollars and sixty-six cents ($2,346.66), and all costs herein expended, for which execution may issue."

*E. P. Hill*, for plaintiff in error.

*John B. Rector* and *H. L. Bently*, for defendants in error.

Gould, Associate Justice.— The original petition, as compensation for locating and surveying of ten 640-acre certificates and returning the field notes to the general land office, claimed one-third of the land so located, or the sum of $214 for each certificate so located, as the value of plaintiff's services.    After service of this petition, and without any appearance by defendants, an amended petition (wrongly styled " supplemental ") was filed, alleging the location, etc., of another 640-acre certificate, and claiming like compensation therefor.    This was setting up an additional or new cause of action, and, no notice thereof having been given, it was error to render a judgment by default embracing this new demand.    Morrison *v.* Walker, 22 Tex., 18; DeWalt *v.* Snow, 25 Tex., 323; Furlow *v.* Miller, 30 Tex., 28.

It is suggested by defendant in error that a *remittitur* be entered of one-eleventh of the judgment, as the amount thereof rendered on this new cause of action, seeking thereby to cure the error.    But unless it clearly

appears that this or any other proposed *remittitur* covers all of the judgment that was founded on the new cause of action, the error is not cured. And the judgment for recovery only took effect in case the defendants failed in sixty days from the adjournment of court to make partition and deed to one-third part of each of the surveys. The monied judgment was therefore rendered for the value of the land which the court held plaintiff entitled to recover. It could only have been thus rendered because plaintiff could not at the same time recover on his alleged contract entitling him to one-third of the land, and also on a *quantum meruit* for the value of his services. The court held him entitled to the land, and on the failure of defendants to deed it to him, gave him a monied judgment for its value. Manifestly it is impossible for this court to say what valuation was placed on this additional section of land lying in a different county, as compared with the others, or to what amount the judgment may have been affected by this additional section. For aught that we can tell, this tract in Burnett county may have been shown to be much the most valuable, and may have been a prominent consideration in fixing the amount of the monied judgment. The proposed *remittitur* does not, in our opinion, cure the error.

As this view must lead to a reversal of the judgment, it is believed to be unnecessary to pass upon the question whether the petition stated a cause of action. It is beyond question that it was defective on special demurrer, and we may presume that before another trial it will be amended so as to avoid any such question in the future. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 17, 1881.]