# THIRD DISTRICT, 1895.

## J. C. PECK v. W. W. JONES, ASSIGNEE.

### No. 1262.

**Trust—Voluntary Conveyance—Assignee.**—Without consideration and with no intent to defraud any one, land was conveyed by appellant and wife to J. F. Peck. The grantors resided thereon, and continued to do so. J. F. Peck reconveyed the land. He subsequently assigned for benefit of creditors. While the land was in his name he had used it as a basis of credit, but of this the appellant had no notice. The assignee brought suit for the land, and recovered it of the appellant. *Held:*

1. As the land did not belong to J. F. Peck, it was no fraud on his creditors for him to reconvey the land to its rightful owner.

2. If creditors had extended credit to J. F. Peck, being induced to do so by the legal title being in him so as to estop the appellant as against them, still the assignee could not assert such right.

3. The assignee takes only such right as the assignor had at time of the assignment, together with the statutory right·to recover property fraudulently conveyed in contemplation of the assignment.

4. When the assignment is for benefit of accepting creditors, one not accepting can assert no right arising from the assignment.

APPEAL from Mills. Tried below before Hon. W. A. BLACKBURN.

*Lewis & Anderson* and *Triplett & Doughty*, for appellant.—Where a conveyance is made without consideration, and it appears that the grantee was not intended to take beneficially, a trust is created in favor of the grantor, unless it further appears that such conveyance was made by the grantor who paid the purchase money, for the purpose of defrauding his creditors. And in this case, if J. C. Peck and his wife, without any consideration, and without any intent to defraud, or to confer a beneficial interest in said land to the said J. F. Peck, conveyed said land to him, not intending it for an advancement, they were entitled to have the same reconveyed back, either before or after the assignment of said J. F. Peck. 2 Texas, 139; 8 Texas, 460; 51 Texas, 540; 33 Texas, 522; 10 Am. and Eng. Encyc. of Law, 4, 5; 1 Id., 56.

No brief for appellee reached the Reporter.

KEY, ASSOCIATE JUSTICE.—Appellee, W. W. Jones, as assignee of J. F. Peck, instituted this suit to set aside a deed executed by said J. F. Peck to appellant, J. C. Peck, and to recover the lands thereby conveyed, charging that the deed was executed in contemplation of the assignment and with the intent to defeat, delay, and defraud the creditors of said J. F. Peck, who is alleged to have been insolvent at

the time said deed was executed. The court below rendered judgment in favor of the assignee, and the defendant has appealed.

The court's findings of facts are adopted by this court, and are as follows:

"1. That on the 5th day of January, 1892, and prior thereto, the defendant, J. C. Peck, was the owner in fee simple of about 800 acres of land described in the pleadings and evidence in the case, and that on that day he (defendant) and his wife, —— Peck, conveyed, by a warranty deed of that date, all of said land to J. F. Peck. The consideration expressed in said deed was the sum of $3500.

"2. Said deed was filed for record with the clerk of the County Court of Mills County, Texas, on the 5th day of July, 1892, and was duly recorded August 2, 1892.

"3. That there was not in fact any consideration paid by said J. F. Peck for said land.

"4. That at the time of said conveyance it was agreed and understood between the parties, J. C. and J. F. Peck, that J. F. Peck was to borrow for J. C. Peck $1000 and mortgage the land thus conveyed, and that J. C. Peck would discharge the mortgage, and then J. F. Peck would reconvey the land. It was understood between the parties that J. C. Peck could not obtain such loan on account of his being the head of a family, and had a homestead on said land.

"5. J. C. Peck is the father of said J. F. Peck, and the latter was unmarried at the time of said conveyance.

"6. On the 8th day of September, 1893, said J. F. Peck was a married man, and on that day he and his wife reconveyed said land to the said J. C. Peck, and the same—the conveyance—was filed for record in the proper office on the 5th day of October, 1893. Said conveyance was without any consideration whatever, the said defendant, J. C. Peck, having remained in possession of the land all the time.

"7. During the time J. F. Peck held the title to this land he became a retail merchant in San Saba County, Texas, and used this land as a basis of credit upon which to purchase goods from jobbers and wholesale dealers, or merchants, representing in writing that he was the owner of the land in dispute, but there was no evidence that J. C. Peck knew he was so using it, but at the time of the reconveyance he knew his son, J. F. Peck, was wanting to borrow money in his business; but the proof shows that J. F. Peck, most of the time that he had title to said land, represented to said J. C. Peck that he was in a prosperous condition and making money in his mercantile business, and that the father believed the representations.

"8. On the 20th day of October, 1893, J. F. Peck made an assignment for the benefit of all his creditors, under the assignment laws of Texas, by an instrument of writing of that date, in which W. W. Jones was made assignee, and on the 26th day of October he gave bond and entered upon the duties of assignee under said conveyance, and is still so acting.

"9.  That at the time said J. F. Peck made said reconveyance to his father, J. C. Peck, he was insolvent, being indebted to the several parties mentioned in said deed of assignment in about the several sums therein mentioned, and that his assets outside and exclusive of said lands will pay but a small per cent of his said indebtedness."

*Opinion.*—Appellant's fourth assignment of error must be sustained. Under the facts found by the court, J. F. Peck, the assignor, never owned any beneficial interest in the property, and of course his assignee took no greater right than he himself had.  It is true that at the time he conveyed the land to appellant the legal title was in him, but he held the same in trust for appellant, who had, without consideration, conveyed the same to J. F. Peck, upon an agreement that it was thereafter to be reconveyed to appellant.  It is not shown that the land was conveyed to J. F. Peck for the purpose of defrauding any one, and, the conveyance being without consideration, a resulting trust was created, and the superior right to the land remained in appellant. 10 Am. and Eng. Encyc. of Law, 4, 5, and cases there cited.  Such being the case, the property did not belong to J. F. Peck, and it was no fraud on his creditors for him to reconvey the legal title to the rightful owner.

If appellant, by permitting the legal title to the land to stand in the name of J. F. Peck, induced others to extend credit to said J. F. Peck, believing the land to belong to him, it may be—J. F. Peck being insolvent—that appellant would be estopped, in proper proceedings instituted by such creditors, from denying their right to proceed against the land; but such right can not be asserted by J. F. Peck's assignee.  An assignee takes only such right to property as the assignor had at the time of the assignment (1 American and English Encyclopædia of Law, 854), together with the statutory right (Sayles' Civil Statutes, article 65i), to sue for and recover property fraudulently conveyed by the assignor in contemplation of the assignment.  Rights that creditors have—whether secured by contract or resulting from equitable estoppel—to look to property belonging to any person other than the assignor, are not, it seems to us, enforcible by an assignee. Besides, in this case the assignment was for the benefit of accepting creditors, and it was only shown that one small debt created on the faith of J. F. Peck's ownership of the land remained unpaid, and it was not shown that that creditor had accepted under the assignment. Therefore, if in any case an assignee can enforce against property not belonging to the assignor equitable rights of a creditor founded upon an estoppel, it is clear that he can not do so until such creditor chooses to accept the lawful terms and conditions of the assignment.

As we dispose of the case upon the facts, it is not deemed necessary to consider the questions predicated upon the action of the court in overruling demurrers to appellee's petition.

For the reasons stated, the judgment will be reversed and judgment here rendered that appellee take nothing, and appellant go hence without day and recover all costs.

*Reversed and rendered.*

Delivered April 3, 1895.